**THOMAS, Appellant,**

v.

**THOMAS, Appellee.**

[Cite as *Thomas v. Thomas,* 159 Ohio App.3d 761, 2004-Ohio-2928.]

Court of Appeals of Ohio,
Eleventh District, Lake County.

No. 2003–L–098.

Decided June 7, 2004.

Gregory M. Gilson, for appellant.

William D. Thomas, pro se.

DIANE V. GRENDELL, Judge.

{¶ 1} Appellant, Elaine A. Thomas, now known as Elaine A. Soltis, appeals the May 28, 2003, judgment entry of the Lake County Court of Common Pleas, Domestic Relations Division, denying her motion to terminate spousal support. For the reasons that follow, we affirm the decision of the lower court.

{¶ 2} Soltis was formerly married to appellee, William D. Thomas. On June 29, 1992, Soltis and Thomas obtained a decree of dissolution of marriage in Lake County Domestic Relations Court. The court incorporated into the decree of dissolution the separation agreement entered into by Soltis and Thomas. The separation agreement provided for Thomas to pay Soltis spousal support as follows: "Husband agrees to pay the Wife the sum of One Thousand Three Hundred Dollars ($1,300.00) per month as and for alimony until such time as Wife is no longer receiving child support for Amber under section 13 herein at which time said alimony shall be increased to One Thousand Seven Hundred Fifty Dollars ($1,750.00) per month and shall remain so until such time as Wife is not longer receiving child support for the minor child April under section 13 herein at which time said alimony shall be further increased to Two Thousand Two Hundred Dollars ($2,200.00) per month until Wife's death." The separation agreement does not contain any provision for the court's continuing jurisdiction to modify the terms or the amount of spousal support.

{¶ 3} The separation agreement does include the following clause: "*Modification*: [Husband and Wife agree * * *] [t]hat this agreement shall not be altered, changed or modified, except that it be done in writing and signed by both parties."

{¶ 4} Soltis remarried on February 14, 2003. Thereafter, it was agreed between Soltis and Thomas that Soltis no longer needed or wanted spousal support from Thomas. On May 19, 2003, Soltis filed a motion to terminate spousal support in the domestic relations court. Thomas did not respond to this motion. Nonetheless, the court denied the motion on these grounds: "The Court finds that neither the separation agreement nor decree of dissolution contained a reservation of jurisdiction as to spousal support. Accordingly, this Court is powerless to grant the Motion to Terminate Support pursuant to O.R.C. Section

3105.18(E)(2), and *Kimble v. Kimble,* 97 OS 3d 424, 2002 [780 N.E.2d 273]." This appeal timely follows.

{¶ 5} Soltis raises the following assignment of error: "The trial court erred in overruling the plaintiff's motion to terminate spousal support."

{¶ 6} R.C. 3105.18 governs the award and modification of spousal support/alimony. The statute provides: "If a continuing order for periodic payments of money as alimony is entered in a divorce or dissolution of marriage action * * *, the court that enters the decree of divorce or dissolution of marriage does not have jurisdiction to modify the amount or terms of the alimony or spousal support unless the court determines that the circumstances of either party have changed and * * *[,][i]n the case of a dissolution of marriage, the separation agreement that is approved by the court and incorporated into the decree contains a provision specifically authorizing the court to modify the amount or terms of alimony or spousal support." R.C. 3105.18(E)(2). In applying this statute, the Ohio Supreme Court has held that "a trial court has the authority to modify or terminate an order for alimony or spousal support only if the divorce decree contains an express reservation of jurisdiction." *Kimble v. Kimble,* 97 Ohio St.3d 424, 2002-Ohio-6667, 780 N.E.2d 273, at syllabus.

■ {¶ 7} Both R.C. 3105.18(E)(2) and *Kimble* support the domestic relations court's conclusion that the court lacked jurisdiction to modify the support order agreed to by Soltis and Thomas. Soltis attempts to distinguish *Kimble* by a variety of arguments, such as the facts that the support order in *Kimble* was time-limited (six years), whereas the order at issue is for an indefinite duration until Soltis's death; that in *Kimble* the separation agreement contained specific language that the court would not retain jurisdiction to modify the award of spousal support; and that in the present case, both parties agree that support should terminate. We find these distinctions to be immaterial to the operation of R.C. 3105.18(E)(2) and to the holding of *Kimble.*

{¶ 8} Soltis finally attempts to rely on a couple of older Supreme Court decisions, *Colizoli v. Colizoli* (1984), 15 Ohio St.3d 333, 15 OBR 458, 474 N.E.2d 280, and *Wolfe v. Wolfe* (1976), 46 Ohio St.2d 399, 75 O.O.2d 474, 350 N.E.2d 413, to support her position that a court may modify an indefinite award of spousal support without jurisdiction being conferred under R.C. 3105.18. Both of these decisions, however, were issued before significant changes were made to R.C. 3105.18. A brief consideration of the changes in the law will demonstrate the inapplicability of the cases Soltis relies on as well as the weakness of Soltis's attempts to distinguish *Kimble.*

{¶ 9} As originally enacted in 1974, R.C. 3105.65(B) expressly provided for a domestic relations court's continuing jurisdiction to modify an award of spousal

support, then known as alimony. Former R.C. 3105.65(B) ("The court has full power to enforce its decree, and retains jurisdiction to modify all matters of custody, child support, visitation, and periodic alimony payments"), Am.Sub.H.B. No. 233, 135 Ohio Laws, Part II, 616. At that time, R.C. 3105.18 was silent regarding a court's jurisdiction to modify an award of spousal support. In 1975, the General Assembly modified R.C. 3105.65(B) by deleting the words "and periodic alimony payments." Am.H.B. No. 370, 136 Ohio Laws, Part II, 2452; *McClain v. McClain* (1984), 15 Ohio St.3d 289, 290–291, 15 OBR 421, 473 N.E.2d 811 ("We can infer from this deletion that the legislature specifically intended that a court would not retain jurisdiction to modify periodic alimony payments provided for in a separation agreement incorporated into a decree of dissolution of marriage"). The following year, in a decision relied upon by Soltis, the Ohio Supreme Court held that a court's jurisdiction to modify an award of spousal support would be implied in certain circumstances. *Wolfe,* 46 Ohio St.2d 399, 75 O.O.2d 474, 350 N.E.2d 413, at paragraph two of the syllabus ("Where, upon granting a divorce, a court awards alimony to a wife, pursuant to an agreement of the parties, to be paid until the condition subsequent of remarriage or death of the wife, and such award is for her sustenance and support independent of any award arising by adjustment of the property rights of the parties, reservation of jurisdiction to modify the award will be implied in the decree").

{¶ 10} Even under *Wolfe,* however, the lower court would not have had jurisdiction to modify the award of spousal support. In *McClain,* 15 Ohio St.3d 289, 15 OBR 421, 473 N.E.2d 811, the Supreme Court limited *Wolfe to divorce cases only.* Id. at syllabus ("A court of common pleas does not have jurisdiction to modify a provision for periodic sustenance alimony payments contained within a dissolution of marriage decree"). The Supreme Court explained its decision as follows:

{¶ 11} "The jurisdiction exercised by a trial court when granting a divorce is decidedly different than the jurisdiction exercised when granting a dissolution of marriage. In a divorce case the matter of periodic alimony payments is one for determination by the court. * * * In a dissolution case, however, the matter of periodic alimony payments is one to be settled by voluntary agreement between the parties. A court has no jurisdiction to grant a dissolution unless the parties have entered into a separation agreement either providing for alimony or providing that none shall be paid. * * *

{¶ 12} "The limitation upon a court's jurisdiction in dissolution cases extends to modifications of separation agreements after a decree is entered. Just as a court lacks authority to set the original amount of alimony payments in a dissolution case, a court also lacks authority to modify the amount of alimony payments originally agreed to by the parties." Id. at 290, 15 OBR 421, 473 N.E.2d 811.

{¶ 13} Although a court lacks the inherent authority to modify an award of spousal support contained in a decree of dissolution, "nothing in the statutes suggests that parties are precluded from voluntarily including a provision for continuing jurisdiction in their separation agreement." *In re Whitman* (1998), 81 Ohio St.3d 239, 244, 1998-Ohio-466, 690 N.E.2d 535; *Colley v. Colley* (1989), 43 Ohio St.3d 87, 89, 538 N.E.2d 410. The corollary to this principle is that parties may not subsequently confer jurisdiction on the court where they have failed to do so in the separation agreement. Cf. *Fox v. Eaton Corp.* (1976), 48 Ohio St.2d 236, 238, 2 O.O.3d 408, 358 N.E.2d 536 ("parties may not, by stipulation or agreement, confer subject-matter jurisdiction on a court, where subject-matter jurisdiction is otherwise lacking"); *Beatrice Foods Co. v. Porterfield* (1972), 30 Ohio St.2d 50, 59 O.O.2d 76, 282 N.E.2d 355, paragraph two of the syllabus ("parties may not confer jurisdiction upon a court by mutual consent, where none would otherwise exist").

{¶ 14} In 1986, the General Assembly amended R.C. 3105.18, as quoted above, so that a separation agreement must expressly confer jurisdiction on the domestic relations court to subsequently modify a sustenance alimony/spousal support award. Three years later, in *In re Adams* (1989), 45 Ohio St.3d 219, 543 N.E.2d 797, the Supreme Court recognized that jurisdiction to modify spousal support could not be implied. Such jurisdiction has to be conferred by the separation agreement. Id. at syllabus ("Pursuant to R.C. 3105.65(B), a court is without jurisdiction to modify or terminate an award of alimony set forth in a separation agreement incorporated into a decree of dissolution of marriage, absent a reservation of jurisdiction in the agreement"). In *Kimble*, relied upon by the lower court, the Supreme Court essentially reaffirmed this holding from *Adams*.

{¶ 15} For the foregoing reasons, Soltis's attempts to distinguish *Kimble* are unpersuasive. The sole assignment of error is overruled.

{¶ 16} Although the trial court does not have jurisdiction to grant Soltis's unilateral motion to terminate spousal support, the trial court would have jurisdiction to terminate spousal support if the parties made a joint request in writing. The separation agreement provides that the parties themselves are free to modify the agreement provided that the modification "is done in writing and signed by both parties." Therefore, were Soltis and Thomas to file a joint motion, pursuant to the terms of the original agreement, reflecting their mutual desire to modify that agreement by terminating Thomas's obligation to pay spousal support, the court would have the authority, as well as the obligation, to give effect to the parties' request. *McClain*, 15 Ohio St.3d at 290, 15 OBR 421, 473 N.E.2d 811 (in a dissolution case, the court does not have authority to grant or modify an award of spousal support, "the matter of periodic alimony payments is one to be settled by the voluntary agreement between the parties").

{¶ 17} The decision of the Lake County Court of Common Pleas, Domestic Relations Division, denying Soltis's unilateral motion to terminate support is affirmed.

Judgment affirmed.

JUDITH A. CHRISTLEY and WILLIAM M. O'NEILL, JJ., concur.