JOURNAL ENTRY and OPINION
{¶ 1} Defendant-appellant Motorcars Infiniti, Inc. (Motorcars) appeals from the trial court's decision denying Motorcars' motion to vacate default judgment or, in the alternative, for relief of judgment. After reviewing the facts of the case and pertinent law, we affirm.
 I. {¶ 2} On May 30, 1998, plaintiffs-appellees Horace and Terry Daniel (appellees) purchased a used 1993 Nissan Maxima from Motorcars, a now dissolved corporation whose former place of business was 18122 Rockside Road, Bedford, Ohio. The sales contract, as well as the odometer disclosure, that both appellees and a Motorcars' representative signed listed the vehicle's mileage as 75,928. Appellees paid $12,137.75 for the vehicle. On June 9, 1998, the state of Ohio issued appellees a certificate of title for the vehicle. On this certificate, the mileage is listed as 75,928; however, the certificate indicates that the odometer status is "exceeded."[1] According to the record, when a vehicle's mileage has exceeded its mechanical limits, the vehicle has been driven in excess of 100,000 miles. Additionally, a 1993 Nissan Maxima's odometer restarts at zero after it passes the 99,999 mark. Although appellees did not realize it, the vehicle's mileage was actually 175,928 when they purchased it.
 {¶ 3} On May 1, 2000, Motorcars sold its assets to another corporation who began doing business as Infiniti of Bedford at the same 18122 Rockside Road location. In September 2002, Motorcars was dissolved as an Ohio corporation.
 {¶ 4} On November 1, 2001, appellees traded their vehicle in at Bedford Nissan and represented the mileage as 96,935, which was the odometer reading at the time. Bedford Nissan gave appellees a trade-in value based on the 96,935 miles. Subsequently, Bedford Nissan contacted appellees to inform them of the mileage discrepancy. On January 9, 2003, appellees brought an action against Motorcars claiming fraudulent misrepresentation and violations of R.C. 4549.41, Ohio's Odometer Rollback and Disclosure Act. On January 31, 2003, the complaint was served on Motorcars at their last known place of business, 18122 Rockside Road, which at the time was Infiniti of Bedford. An employee of the new dealership forwarded the complaint to Jonathan Hoyt (Hoyt), the former treasurer of Motorcars. Hoyt, in turn, forwarded the complaint to JMA Insurance Group, the insurance agency for Motorcars.
 {¶ 5} Motorcars did not answer appellee's complaint, and on April 11, 2003, appellees filed a motion for default judgment. A copy of this motion was sent to the Rockside Road address and a representative from Bedford Nissan forwarded it to Hoyt. Once again, Hoyt forwarded a copy of this motion to JMA Insurance Group. On August 8, 2003, the court granted appellee's motion for default judgment, after determining that Motorcars failed to answer or appear and that appellees provided proof of service and damages. Hoyt claims that it was not until December 17, 2003 that he learned about the default judgment the court granted against Motorcars. Hoyt contacted JMA Insurance and was informed that the individual he forwarded the complaint and motion to was no longer employed by JMA, and the agency had no record of the claim. Apparently the information was never forwarded to Motorcars' insurance carrier, Clarendon National Insurance Company. On February 26, 2004, Motorcars filed a motion to vacate the default judgment or, in the alternative, for relief of judgment. On July 1, 2004, Motorcars' motion was denied.
 II. {¶ 6} In its first assignment of error, Motorcars argues that "the trial court incorrectly refused to vacate the default judgment rendered against Motorcars Infiniti, Inc." Specifically, Motorcars argues that appellees failed to properly perfect service on Motorcars, thus voiding the default judgment. Pursuant to Civ.R. 55(A), a default judgment may be entered against a party who fails to plead or otherwise defend against a suit. However, a court lacks jurisdiction to enter a default judgment against a party when service of process has not been perfected and the party has not appeared in the action or otherwise waived service. Don AshProps. v. Dunno, Franklin App. No. 03AP-375, 2003-Ohio-5893. Thus, a judgment absent jurisdiction becomes a nullity and is void ab initio. See, also, Surgical Servs. v. Cremeans, Cuyahoga App. No. 83493, 2004-Ohio-2330; Lincoln Tavern, Inc. v. Snader (1956), 165 Ohio St. 61, 64.
 {¶ 7} Civ.R. 4.2(F) governs service of process on a corporation, and it states a corporation can be properly served in the following three ways: "by serving the agent authorized by appointment or by law to receive service of process; or by serving the corporation by certified or express mail at any of its usual places of business; or by serving an officer or a managing or general agent of the corporation." In general, the test for determining whether a party was properly served is whether service of process was "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."Akron-Canton Regional Airport Authority v. Swinehart (1980),62 Ohio St.2d 403, 406, citing Mullane v. Central Hanover Bank TrustCo. (1950), 339 U.S. 306, 314. (Emphasis in original.)
 {¶ 8} The standard of review for an appellate court addressing a motion to vacate a default judgment is abuse of discretion. See Doddridgev. Fitzpatrick (1978), 53 Ohio St.2d 9, 12. "The term `abuse of discretion' connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable."Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. However, this case turns on a question of law: how to serve a dissolved corporation. On that question, the standard of review is de novo.
 {¶ 9} In the instant case, appellees served Motorcars at the business address where they purchased their vehicle. However, Motorcars argues that it was a dissolved corporation at the time of service, it did not have a usual place of business, and appellees were required, but failed, to serve process on Motorcars' statutory agent or an officer. Swinehart
lends us additional guidance on this issue, stating "it is not necessary that service be attempted through the most likely means of success * * *; it is sufficient that the method adopted be `reasonably calculated' to reach its intended recipient." Id. We find that the court did not abuse its discretion when it ruled that service was proper because "there is evidence indicating that the summons and complaint were received by defendant Motorcars." More specifically, Hoyt, who received the complaint and forwarded it to the insurance carrier, was a former director at Motorcars.
"[E]ven if a corporation is dissolved it may still be sued, andsatisfaction or performance of any judgment obtained may be enforcedagainst such corporation. Service upon a dissolved corporation may beaccomplished `by delivering a copy to an officer, director, liquidator,or person having charge of its assets or, if no such person can befound, to the statutory agent.' Ohio Rev. Code § 1701.88(C). A judgmentobtained against a dissolved corporation may be enforced `against theassets in the hands of the shareholders.'"
 {¶ 10} Bob's Beverage, Inc. v. Acme, Inc. (N.D. Ohio 1999),169 F.Supp.2d 695, 719 (internal citations omitted).
 {¶ 11} Accordingly, the court had jurisdiction to enter a default judgment against Motorcars and the first assignment of error is overruled.
 III. {¶ 12} In its second and final assignment of error, Motorcars argues that "the trial court incorrectly failed to grant Motorcars relief from judgment." Specifically, Motorcars argues that pursuant to Civ.R. 60(B)(1), it should be afforded relief from the default judgment on the basis of "excusable neglect." In the alternative, Motorcars argues that the excessive damages appellees were awarded amounts to "any other reason justifying relief from the judgment" as intended under Civ.R. 60(B)(5).
 {¶ 13} The Ohio Supreme Court set forth a three-prong test used to evaluate whether a party is entitled to relief from judgment.
"To prevail on his motion under Civ.R. 60(B), the movant mustdemonstrate that: (1)the party has a meritorious defense or claim topresent if relief is granted; (2) the party is entitled to relief underone of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) themotion is made within a reasonable time, and where the grounds of reliefare Civ.R. 60(B)(1), (2) or (3), not more than one year after thejudgment, order or proceeding was entered or taken."
 GTE Automatic Electric, Inc. v. ARC Industries, Inc. (1976),47 Ohio St.2d 146, 150-51.
 {¶ 14} In the instant case, when the court denied Motorcars' motion for relief from judgment, it ruled that "[t]he issues of whether defendant Motorcars Infiniti has a meritorious defense to selling a vehicle with an improper odometer reading and that of timeliness will not be addressed as defendant does not meet the second prong of Civil Rule 60(B)." The court reasoned that Motorcars' conduct did not amount to excusable neglect, relying on our holding in Associated Estates Corp. v.Fellows (1983), 11 Ohio App.3d 112, 116, which states that "[t]he neglect of an individual to seek legal assistance after being served with court papers is not excusable." However, Motorcars argues that its conduct amounted to excusable neglect; namely, that it reasonably assumed its insurance carrier would take over and handle the matter.
 {¶ 15} According to the record, when Hoyt received the documents from appellees, he forwarded them to Motorcars' insurance agent. In April 2003, Hoyt "followed up" with the agency regarding the status of the claim. There is no evidence of Hoyt, or other Motorcars' representatives, taking any other proactive steps toward defending appellees' lawsuit against them until after the default judgment was granted. Even assuming arguendo that Motorcars has a meritorious defense to appellees' claims and the motion was filed within a reasonable time, we cannot say that the trial court abused its discretion in determining this was not excusable neglect under Civ.R. 60(B)(1).
 {¶ 16} Additionally, Motorcars argues that under Civ.R. 60(B)(5), it is justified in receiving relief from judgment because appellees' damages award was excessive. In appellees' motion for default judgment, they made the following claim for damages: $10,000 in compensatory damages, which can be trebled according to R.C. 4549.49, and $100,000 in punitive damages. After holding a default judgment evidentiary hearing on June 24, 2003, the trial court awarded appellees $130,000. We have held that under the Odometer Rollback and Disclosure Act, in addition to the statutorily authorized actual damages, punitive damages may be awarded in cases that are akin to fraud actions sounding in tort. Buchanan v.Spitzer Motor City, Inc. (Feb. 7, 1991), Cuyahoga App. Nos. 57893, 58058. Given that the damages in this case were awarded as a result of default judgment, we find that the court acted within its discretion in denying Motorcars' Civ.R. 60(B)(5) motion for relief from judgment. Accordingly, Motorcars' second assignment of error is overruled.
Judgment affirmed.
It is ordered that appellees recover of appellants their costs herein taxed.
The court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Karpinski, P.J., and Gallagher, J., concur.
[1] The previous certificate of title, which was issued when Motorcars acquired the vehicle on September 20, 1997, also indicates the odometer status as "exceeded."