DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Kenneth Gibson, appeals from the judgment of the Lorain County Court of Common Pleas, Domestic Relations Division which vacated an earlier judgment and ordered Appellant to repay certain amounts to Appellee, Mary Gibson. This Court reverses.
 I. {¶ 2} Appellant and Appellee were divorced on February 26, 1993. Appellant alleged that in 1999 he learned that Appellee had a pension benefit plan that was not divided in their settlement agreement. As a result, Appellant filed a motion to vacate the settlement agreement. In lieu of vacating the divorce decree, the parties negotiated an agreed journal entry. The parties' entry was journalized on July 18, 2000. It provided that Appellee would pay Appellant $67.67 per month from her pension as spousal support.
 {¶ 3} On March 6, 2002, Appellant filed a motion for contempt alleging that Appellee had failed to pay the amounts as agreed upon in the entry. Appellee was found to be in default and contempt for failing to pay the proper amounts. On January 27, 2004, Appellant filed a second motion for contempt, alleging again that Appellee was in default. On April 14, 2004, the parties executed an agreed journal entry finding Appellee to be in arrears. That same day, an additional agreed journal entry was filed permitting the Lorain County Child Support Enforcement Agency to withhold the proper amount from Appellee to aid in the execution of the July 18, 2000 order.
 {¶ 4} On July 9, 2004, Appellee moved for relief from judgment, arguing that the trial court lacked subject matter jurisdiction to execute the July 18, 2000 journal entry. The trial court agreed and vacated the July 18 entry and ordered Appellant to repay Appellee the amounts he had received under the entry. Appellant timely appealed that judgment, raising two assignments of error for our review. For ease, Appellant's assignments of error will be reviewed together.
 II. ASSIGNMENT OF ERROR I
"The court erred by granting appellee's Civ.R. 60(b) motion and vacating the July 18, 2000 agreed entry."
 ASSIGNMENT OF ERROR II
"The trial court erred by relieving appellee from her obligation to pay one-half of her pension benefits to appellant and ordering appellant to repay appellee all payments previously made pursuant to July 18, 2000 agreed entry."
 {¶ 5} In both his assignments of error, Appellant argues that the trial court erred in vacating its prior order. Specifically, Appellant argues that the July 18, 2000 order was a valid, enforceable judgment entry and that no grounds existed to vacate the order. We agree.
 {¶ 6} We review the trial court's decision to deny or grant a Civ.R. 60(B) motion for an abuse of discretion. State ex rel.Russo v. Deters (1997), 80 Ohio St.3d 152, 153. An abuse of discretion is more than an error in judgment or law; it implies an attitude on the part of the trial court that is unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219.
 {¶ 7} The trial court granted Appellee's motion to vacate the July 18, 2000 order upon a finding that the trial court had lacked jurisdiction to modify the parties' property division. We note that R.C. 3105.18(E) prohibits modification of spousal support unless the divorce decree contains terms permitting the modification. In the instant matter, the trial court retained jurisdiction to modify support only until 1997.
 {¶ 8} The trial court, however, was never asked to modify
the parties' property division. Appellant moved to vacate the 1993 divorce decree based upon his alleged discovery of Appellee's pension benefits.
"[W]hen a modification of spousal support ordered in a decree of divorce is made unavailable by R.C. 3105.18(E), the domestic relations court may upon a motion filed pursuant to Civ.R. 60(B)(4) vacate the prior award and order spousal support different in its terms and/or amount upon a finding that it is no longer equitable that the judgment in the decree should have prospective effect." Schaefferkoetter v. Schaefferkoetter, 2d Dist. Nos. 02CA97, 02CA104, 2003-Ohio-5529, at ¶ 23.
As such, Appellant properly invoked the jurisdiction of the trial court to alter the parties' divorce decree. The trial court did not rule on Appellant's motion. Instead, the parties negotiated an agreed journal entry modifying their divorce decree.
 {¶ 9} We have previously addressed the issue of whether the domestic relations court has jurisdiction to enforce a post-decree settlement reached by the parties which modified their decree.
"Although the trial court cannot modify a division of property, the parties themselves may modify the property division. A trial court may enforce a post-decree modification agreed to by the parties. Such an order does not violate the principle that the court does not have jurisdiction to modify a property division."Vossberg v. Vossberg, 9th Dist. No. 04CA0053-M, 2005-Ohio-2408, at ¶ 7, quoting Hale v. Hale (Jan. 26, 2000), 9th Dist. No. 2935-M, at 8.
As the parties agreed to modify their property division, the domestic relations court had jurisdiction to enforce their agreement. Accordingly, the trial court abused its discretion in finding that it lacked jurisdiction and in granting Appellee's motion to vacate. Appellant's assignments of error are sustained.
 III. {¶ 10} Appellant's assignments of error are sustained. The judgment of the Lorain County Court of Common Pleas, Domestic Relations Division is reversed and the cause remanded for further proceedings consistent with this opinion.
Judgment reversed, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellee.
Exceptions.
Slaby, P.J. Carr, J., concur.