OPINION
{¶ 1} Defendant-appellant, Provident Bank ("Provident"), appeals from the judgment of the Franklin County Court of Common Pleas denying its motion to vacate. For the foregoing reasons, we affirm.
 {¶ 2} On December 13, 2002, plaintiff-appellee, Stonehenge Condominium Association ("Stonehenge"), filed a complaint to foreclose on the lien it obtained on Valeria Davis' condominium. In its complaint, Stonehenge named as defendants all entities that had an interest in the condominium, including Davis, Provident,[1] Irwin Union Bank and Trust Company ("Irwin Union"), and the Ohio State Department of Taxation ("Department of Taxation").
 {¶ 3} On the same day Stonehenge filed its complaint, the Clerk of Courts of the Franklin County Court of Common Pleas issued an original case schedule as well as a summons for each defendant. As evidenced by the certified mail receipts in the record, the clerk mailed a summons with a copy of the complaint and the original case schedule to each defendant via certified mail on December 18, 2002. The clerk addressed the envelope containing Provident's summons, complaint, and original case schedule to "Provident Bank, One E Fourth St, Mail Stop 198 NSC, Cincinnati, Ohio, 43202." The United States Postal Service ("USPS") assigned certified number 7136 1735 6990 0216 1872 to this envelope.
 {¶ 4} On December 26, 2002, the clerk received the green return receipt that indicated that the USPS had delivered to Provident the envelope to which the return receipt had been attached. Although the return receipt was not signed, it was stamped "Priority 954" in the space marked "Received by (Printed Name)." Further, the return receipt bore a USPS stamp that stated "Dec 23 2002" and "Cincinnati OH." Nowhere on the return receipt was there any indication that the envelope to which it had been attached was refused, unclaimed, or undelivered.
 {¶ 5} When only the Department of Taxation filed a timely answer, Stonehenge moved for default judgment against the remaining defendants. On June 20, 2003, the trial court issued a "Decree of Judgment and Foreclosure," finding Davis, Provident, and Irwin Union in default and ordering the sale of the condominium. After a sheriff's sale, the trial court issued a "Judgment Entry of Confirmation and Order of Distribution." In this November 23, 2003 entry, the trial court ordered that: (1) the sheriff deed the condominium to the highest bidder, (2) the clerk cause satisfaction to be entered of record satisfying Stonehenge's lien, Provident Bank's mortgage, Irwin Union's mortgage, and (3) the sheriff distribute the proceeds from the sale to the named entities in the stated amounts. On February 20, 2004, the trial court issued a supplemental distribution order in which it ordered the sheriff to pay any excess proceeds to Premium Financial Corporation, the entity to which Davis had assigned her right to such proceeds.
 {¶ 6} Then, on July 19, 2004, Provident filed an answer to Stonehenge's December 13, 2002 complaint. Within a month, Provident filed a "Motion to Vacate Judgment, Sheriff's Sale, and Sheriff's Deed." In this motion, Provident maintained that the trial court lacked personal jurisdiction over it because it was never served with the summons and complaint. Without jurisdiction, Provident argued, the judgments ordering foreclosure, sale, confirmation, and distribution were void.
 {¶ 7} To support its motion, Provident attached the affidavit of Robert Hardman, the Manager of Provident's Consumer Finance Foreclosure Department, who testified that Provident had no record of ever receiving the summons. Moreover, Hardman noted that the return receipt in the trial court's record was unsigned, which contradicted Provident's policy that all certified mail receipts must be signed in the mailroom.
 {¶ 8} In response to Provident's motion to vacate, Stonehenge argued that service of the summons and complaint upon Provident was perfected through certified mail. Stonehenge attached to its response brief a copy of a letter from the USPS that stated, "[t]he delivery record shows that [Certified Item number 71361735699002161872] was delivered on 12/23/2002 at 09:15 AM in CINCINNATI, OH 45202 to K Williams." The letter also contained the scanned image of K. Williams' signature, printed name, and printed address[2] from the USPS delivery record.
 {¶ 9} On September 13, 2004, the trial court issued a decision and entry denying Provident's motion to vacate. The trial court found that the evidence before it overwhelmingly showed that the summons and complaint were properly served upon Provident.
 {¶ 10} On appeal, Provident assigns the following error:
THE TRIAL COURT ERRED IN DENYING PROVIDENT BANK'S MOTION TO VACATE JUDGMENT, SHERIFF'S SALE AND SHERIFF'S DEED.
 {¶ 11} By its only assignment of error, Provident argues that the trial court lacked personal jurisdiction, and that, as a result, its judgments are void and should have been vacated. We disagree.
 {¶ 12} Absent proper service of process, a trial court lacks jurisdiction to enter a judgment, and if a judgment is nevertheless rendered, it is a nullity and void ab initio. Don Ash Properties v.Dunno, Franklin App. No. 03AP-375, 2003-Ohio-5893, at ¶ 7; Miley v. STSSys., Inc., 153 Ohio App.3d 752, 2003-Ohio-4409, at ¶ 6. The authority to vacate such a void judgment originates from the inherent power possessed by Ohio courts, not Civ.R. 60(B). CompuServe, Inc. v. Trionfo
(1993), 91 Ohio App.3d 157, 161. Thus, the trial court's determination of a common-law motion to vacate does not turn on Civ.R. 60(B)'s requirements that the movant file timely and present a meritorious defense. Id.
 {¶ 13} Appellate courts review the denial of a motion to vacate under an abuse of discretion standard. Daniel v. Motorcars Infiniti, Inc.,
Cuyahoga App. No. 85005, 2005-Ohio-3008, at ¶ 8; Miley, supra, at ¶ 7. "The term `abuse of discretion' connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 14} Pursuant to Civ.R. 4.1(1), "[e]videnced by return receipt signed by any person, service of any process shall be by certified mail unless otherwise permitted by these rules." Thus, according to this first sentence of Civ.R. 4.1(1), the "basic and preferred method" of service "shall involve the clerk's depositing the summons and complaint in the United States mail as certified mail, return receipt requested." Staff Note 1970, Civ.R. 4.1. Moreover, service by this method does not require actual service upon the defendant, but is effective upon certified delivery. Mitchell v. Mitchell (1980), 64 Ohio St.2d 49, 51, citingCastellano v. Kosydar (1975), 42 Ohio St.2d 107, 110. A return receipt signed by any person is "evidence" of this delivery. Notably, Civ.R. 4.1(1) does not bar the introduction of other "evidence" to establish certified delivery.
 {¶ 15} In the case at bar, the record does not contain the normal evidence of successfully delivered certified mail — a signed return receipt. On the other hand, the record does not contain evidence showing a failure of certified delivery either. Accordingly, whether or not proper service was achieved was a question of fact for the trial court, the outcome of which hinged upon whether Stonehenge presented sufficient evidence to demonstrate that the USPS accomplished certified delivery.Confidential Services, Inc. v. Dewey (Apr. 15, 1999), Franklin App. No. 98AP-905 ("A plaintiff bears the burden of establishing the trial court's jurisdiction over a party where a defendant asserts that the court lacks personal jurisdiction over him.").
 {¶ 16} To satisfy this burden, Stonehenge introduced the letter in which the USPS stated that the mail in question was delivered on December 23, 2002 — the date stamped on the return receipt — and was received and signed for by K. Williams. Although Williams did not sign the actual return receipt, apparently, he or she signed another document, an image of which the USPS retained as evidence of certified delivery.
 {¶ 17} Provident attacks this evidence on two grounds: (1) it is unauthenticated, and (2) it is rebutted by Hardman's affidavit testimony that Provident did not receive the summons and complaint. First, because Provident did not object in the trial court, we find that the trial court had discretion to consider the letter, even though it was not authenticated. Cf. Smith v. GuideOne Ins., Franklin App. No. 02AP-1096, 2003-Ohio-4823, at ¶ 15 ("If there is no objection to evidentiary matter not specifically authorized by Civ.R. 56(C), the court in its discretion may consider the material."). In response to Provident's second argument, we find that Hardman's affidavit does not support Provident's contention that Provident never received the summons and complaint. In his affidavit, Hardman testified that Provident did not have a record of receiving the summons and, thus, he posited that Provident was not served with the complaint. Because Hardman is the Manager of the Provident Consumer Finance Foreclosure Department, and not an employee of the Provident mailroom, he has no actual knowledge regarding whether Provident received the summons and complaint, but rather, his testimony regarding this issue is based solely upon his review of Provident's records. As K. Williams could have received the summons and complaint, but failed to follow policy in recording the receipt, Hardman's affidavit does not contradict the letter's statement that the USPS accomplished certified delivery.
 {¶ 18} Given the entirety of the evidence before the trial court, we conclude that the trial court did not abuse its discretion when it found that Provident was properly served with the summons and complaint. Accordingly, we overrule Provident's assignment of error.
 {¶ 19} Finally, we note that Provident argued in its reply brief that the trial court erred by not holding an evidentiary hearing. Provident neither sought a hearing below, assigned the trial court's failure to hold a hearing as error, nor argued in its appellate brief that a hearing was necessary. Therefore, this argument is not properly before this court for our consideration. Hallowell v. Cty. of Athens, Athens App. No. 03CA29, 2004-Ohio-4257, at ¶ 19-20 (appellate courts will not address arguments asserted for the first time in a reply brief).
 {¶ 20} For the foregoing reasons, we overrule Provident's assignment of error and affirm the judgment of the Franklin County Court of Common Pleas.
Judgment affirmed.
French and McGrath, JJ., concur.
[1] Provident held a promissory note that was secured by a mortgage on Davis' condominium.
[2] K. Williams wrote "Provident" next to "Address of Recipient."