{¶ 37} I respectfully dissent from the analysis and disposition of this case by the majority.
 {¶ 38} The majority relies on the case of Stewart v. Stewart (Nov. 22, 1999), Stark App. No. 1999CA00015, 1999 WL 1071976. In Stewart, the parties agreed to a review of the spousal support order at the time appellant reached age sixty-five. We stated, "This agreement relieves the trial court from the necessity of finding a change of circumstances. R.C. 3105.18 does not apply under the facts sub judice."
 {¶ 39} I concurred in the Stewart opinion. It is possible that R.C.3105.18 may not have been applicable because Stewart involved a modification of the spousal support, which had been agreed upon in a legal separation agreement, after one of the parties filed a complaint for divorce and such was granted. But, I now disagree that parties in a divorce action can, by agreement, relieve a trial court from the necessity of finding a change of circumstances prior to a modification of periodic spousal support.
 {¶ 40} R.C. 3105.18(E) specifically states, in part, the following: ". . . .if a continuing order for periodic payments of money as spousal support is entered in a divorce. . . ., the court that enters the decree of divorce . . . does not have jurisdiction to modify the amount or terms of the . . . spousal support unless the court determines that the circumstances of either party have changed and unless one of the following applies: (1) In the case of a divorce, the decree or separation agreement of the parties to the divorce that is incorporated into the decree contains a provision specifically authorizing the court to modify the amount or terms of. . . . spousal support. . . ." (Emphasis added) *Page 10 
 {¶ 41} R.C. 3105.18(E) provides that a court may not modify an award of spousal support in a divorce decree, unless the circumstances of either party have changed and the decree of divorce specifically contains a provision reserving the court's jurisdiction to modify the award of spousal support. Bowen v. Bowen (1999), 132 Ohio App.3d 616,628, 725 N.E.2d 1165. A change in circumstances is defined as, but is not limited to "any increase or involuntary decease in the party's wages, salary, bonuses, living expenses, or medical expenses." R.C.3105.18(F). In order to constitute a basis for modifying spousal support, the change of circumstances required must be material and not purposely brought about by the moving party and not contemplated at the time the parties entered into the prior agreement or order. Roberson v.Roberson (Nov. 29, 1993), Licking App. No. 93-CA-42, 1993 WL 500325. See also Tsai v. Tsai, 162 Ohio App.3d 89, 2005-Ohio-3520, 832 N.E.2d 809.
 {¶ 42} There is no dispute that the trial court in this matter reserved jurisdiction to modify spousal support. The parties clearly agreed to a review of the spousal support order upon receipt of the last payment from the Dawson Companies.
 {¶ 43} However, as is stated above, a change in circumstances must not be contemplated at the time the parties entered into the prior agreement or order in order to constitute a basis for modifying spousal support. See Tsai, supra. In the case sub judice, the parties knew, at the time they entered into the Agreed Decree of Divorce, that the monthly installment payments from the Dawson Companies would terminate in December of 2005. Thus, such "change of circumstances" was contemplated by the parties at the time the Agreed Entry was entered into and cannot constitute a basis for modifying spousal support. See Tsai, supra. *Page 11 
 {¶ 44} The trial court, therefore, did not have jurisdiction to modify spousal support. The parties cannot, by agreement, confer jurisdiction upon a court that it does not otherwise possess. See for example,Thomas v. Thomas, 159 Ohio App.3d 761, 2004-Ohio-2928, 825 N.E.2d 626
and Huffman v. Huffman, Franklin App. Nos. 02AP-101, 02AP-698, 2002-Ohio-6031 at paragraph 37.
 {¶ 45} While I understand the reasoning of the trial court as to the financial circumstances of the parties, and understand that the trial court's order may be fair, I find nothing in the trial court's findings indicating that there has been a change of circumstances that was not contemplated by the parties at the time of the separation agreement. Therefore, there is no jurisdiction for the trial court to order a modification.
 {¶ 46} Based on the foregoing, I would find that the trial court erred in modifying spousal support and would reverse its decision. *Page 12 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Licking County Court of Common Pleas is affirmed. Costs to appellant. *Page 1