OPINION
{¶ 1} Appellant, Ross J. Wright, appeals from a judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, denying his motion to declare a previous judgment of the court void ab initio. Because the judgment is not a final appealable order, we dismiss this appeal.
 {¶ 2} Appellant and appellee, Melissa B. Wright, were married in 1991. On August 21, 2000, they filed a joint petition for the dissolution of the marriage in the *Page 2 
Franklin County Court of Common Pleas, Division of Domestic Relations. On September 28, 2000, the trial court filed a judgment entry dissolving the marriage. Incorporated in that judgment entry was the parties' separation agreement. As part of that agreement, the parties agreed that appellant shall receive all funds in his IRA account, valued at $38,500. The agreement provided that it could be amended or modified only by a written document signed by both parties.
 {¶ 3} Shortly thereafter, on December 29, 2000, the trial court signed and filed a judgment entry, signed and agreed to by the parties, to amend the parties' separation agreement. The amendments increased the value of appellant's IRA account to $56,500, provided that the parties would equally divide the value of the account, and further provided that appellant shall immediately transfer that amount to appellee's IRA fund. Apparently, appellant never transferred the funds to appellee's IRA.
 {¶ 4} Six and one-half years later, appellant filed a motion with the trial court seeking to declare the December 29, 2000 judgment entry void ab initio. Appellee filed a memorandum in opposition to appellant's motion. In that memorandum, appellee also requested an award of attorneys' fees or, in the alternative, a hearing to determine if attorneys' fees were appropriate. The trial court, in a decision and judgment entry dated June 28, 2007, denied appellant's motion to declare the December 29, 2000 judgment entry void ab initio. The trial court also delayed hearing appellee's request for attorneys' fees until it heard her previously-filed contempt motion regarding appellant's failure to transfer the funds.
 {¶ 5} Appellant appeals from the trial court's June 28, 2007 judgment entry and assigns the following error: *Page 3 
 The lower court erred in overruling Appellant's motion to declare that the Court's "Judgment Entry-Amendment to Separation Agreement" filed December 29th, 2000 is and was Void ab initio due to the fact that, the case was not properly back before the court under a Civil Rule 60(B) or some other appropriate motion and due to the fact that said "Judgment Entry" purported to change a prior judgment and property distribution and was rendered in violation of statutory and case law for the state of Ohio and erred in denying Appellant's request that the Court, sua sponte, vacate said "judgment."
 {¶ 6} Appellee has filed a motion to dismiss this appeal, claiming that the trial court's June 28, 2007 judgment entry is not a final appealable order because it did not determine her request for attorneys' fees. We agree.
 {¶ 7} R.C. 2505.03 limits the jurisdiction of appellate courts to the review of final orders, judgments and decrees. Green v. Green, Franklin App. No. 04AP-61, 2005-Ohio-851, at ¶ 7, citing State ex rel. White v.Cuyahoga Metro. Hous. Auth. (1997), 79 Ohio St.3d 543. 544. See, also, Article IV, Section 3(B)(2) of the Ohio Constitution. Absent a final order, this court is without jurisdiction to affirm, reverse, or modify an order from which an appeal is taken. Henderson v. Henderson,150 Ohio App.3d 339, 2002-Ohio-6496, at ¶ 7, citing Gen. Acc. Ins. Co. v. Ins.Co. of N. Am. (1989), 44 Ohio St.3d 17, 20.
 {¶ 8} The trial court's June 28, 2007 judgment entry resolved appellant's motion. It did not, however, resolve appellee's request for attorney fees as a result of appellant's motion.[1] The trial court deferred hearing appellee's request until it heard her previously-filed contempt motion regarding appellant's failure to transfer the funds. A judgment deferring final adjudication of a request for attorney fees is not a final appealable order. *Page 4 Fleenor v. Caudill, Scioto App. No. 03CA2886, 2003-Ohio-6513, at ¶ 16
(order resolving motion to compel but failing to address request for attorney fees is not a final appealable order); Rose v. Rose (Mar. 31, 1997), Franklin App. No. 96APF09-1150 (dismissing appeal for lack of final appealable order where entry did not resolve motion for attorney fees); McCord v. McCord, Franklin App. No. 06AP-102, 2007-Ohio-164, at ¶ 5 (noting previous dismissal of an appeal from order that granted child support but did not resolve motion for attorney fees due to lack of a final appealable order).
 {¶ 9} The trial court's June 28, 2007 judgment entry is not final because it did not resolve appellee's request for attorneys' fees. Because appellant has appealed from a judgment that is not final, we dismiss this appeal for lack of jurisdiction.
Appeal dismissed.
BRYANT and BROWN, JJ., concur.
[1] We also note that the judgment entry did not contain Civ.R. 54(B) "no just reason for delay" language. *Page 1