OPINION *Page 2 
{¶ 1} Appellant Primetime Agrimarketing Network, Inc. appeals the decision of the County Court, Muskingum County, which denied its motion for relief from judgment pursuant to Civ. R. 60(B). The relevant facts leading to this appeal are as follows.
 {¶ 2} On September 13, 2006, appellee filed an action for breach of contract against appellant, her former employer, alleging failure of payment of $10,683.00 in commissions earned by appellee. On October 12, 2006, appellant filed its answer, including therein a notice of appearance of appellant's trial counsel, Attorney John Ferron and Attorney Lisa Wafer.
 {¶ 3} The trial court thereupon set a pretrial conference for December 6, 2006. On that date, neither aforesaid attorney for appellant appeared. The trial court nonetheless conducted a telephonic conference with Attorney Ferron's participation. The court further re-set the pretrial conference for December 27, 2006.
 {¶ 4} Attorney Ferron came to the courthouse on December 27, 2006, only to be informed that the pretrial had been continued until January 31, 2007. At about that point, a discovery dispute arose among the parties, resulting in a motion by appellee to compel discovery, which the court set for a hearing on April 18, 2007. Attorney Ferron participated in said discovery hearing.
 {¶ 5} The matter was then set for trial on July 25, 2007. No attorneys or representatives of appellant appeared. The court granted default judgment against appellant the same day.
 {¶ 6} On August 8, 2007, appellant filed a "motion to set aside judgment," citing Civ. R. 60(B). Appellee filed a response on August 20, 2007. *Page 3 
 {¶ 7} On August 21, 2007, the trial court issued a judgment entry denying appellant's motion to set aside.
 {¶ 8} Appellant filed a notice of appeal on August 23, 2007. It herein raises the following sole Assignment of Error:
 {¶ 9} "I. THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANTS (SIC) BY FAILING TO SET ASIDE THE JULY 25, 2007 JUDGMENT PURSUANT TO CIV.R. 60(B), GIVEN THAT DEFENDANT'S FAILURE TO APPEAR FOR TRIAL WAS DUE TO EXCUSABLE NEGLECT."
 I. {¶ 10} In its sole Assignment of Error, appellant contends the trial court committed reversible error in denying appellant's Civ. R. 60(B) motion. We agree, to the extent that the trial court erred in failing to conduct a hearing on the motion.
 {¶ 11} Appellate courts review the denial of a motion to vacate under an abuse of discretion standard. Stonehenge Condominium Ass'n v.Davis, Franklin App. No. 04AP-1103, 2005-Ohio-4637, ¶ 13, citingDaniel v. Motorcars Infiniti, Inc., Cuyahoga App. No. 85005,2005-Ohio-3008, ¶ 8. Nonetheless, we recognize that default judgments are not favored in the law; cases should be decided on their merits rather than on technical grounds. Bank One Cincinnati v. Wells (Sept. 18, 1996), Hamilton App. No. C-950 279, infra, citing Rice v. GeneralDynamics Land Systems (1993), 86 Ohio App.3d 841, 844, 621 N.E.2d 1304,1306.[1] *Page 4 
 {¶ 12} In order to prevail on a motion brought pursuant to Civ. R. 60(B)," * * * the movant must demonstrate that (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ. R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ. R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceedings was entered or taken." Argo Plastic Products Co. v. Cleveland (1984),15 Ohio St.3d 389, 391, 474 N.E.2d 328, citing GTE Automatic Electric v.ARC Industries (1976), 47 Ohio St.2d 146, 351 N.E.2d 113, paragraph two of the syllabus. If any prong of this requirement is not satisfied, relief shall be denied. Argo at 391, 474 N.E.2d 328.
 {¶ 13} Ohio courts have recognized that a failure to appear due to lack of proper notice of a trial date may constitute "excusable neglect" under Civ. R. 60(B)(1). See, e.g., Columbia Gas of Ohio v. Riley (1987),38 Ohio App.3d 151, syllabus. In the case sub judice, appellant's attorneys, John Ferron and Lisa Wafer, averred in appellant's 60(B) motion that neither had received notice of the December 26, 2006 pretrial or of the July 25, 2007 trial. The affidavits assert that the first notice either attorney received of the trial was a copy of the default judgment entry sent to Attorney Ferron after the fact.
 {¶ 14} In response, appellee submitted an affidavit of Beverly J. Bowden, deputy clerk of the county court, who averred in pertinent part "* * * 4) I send (sic) the trial notice to the same address that I sent the Default Judgment Entry. 5) The address that I used *Page 5 
for counsel for the Defendant is the address set forth below counsel's signature in counsel's Answer to the Complaint. * * *"
 {¶ 15} The Ohio Supreme Court has held: "* * * [T]he trial court abuses its discretion in denying a [Civ. R. 60(B)] hearing where grounds for relief from judgment are sufficiently alleged and are supported with evidence which would warrant relief from judgment." Kay v. MarcGlassman, Inc., 76 Ohio St.3d 18, 19, 1996-Ohio-430, citing Adomeit v.Baltimore (1974), 39 Ohio App.2d 97, 105. Under the circumstances of this case, particularly in regard to the deputy clerk's undetailed responsive affidavit, we hold the trial court abused its discretion in denying appellant's 60(B) motion absent an evidentiary hearing.
 {¶ 16} Appellant's sole Assignment of Error is sustained.
 {¶ 17} For the foregoing reasons, the judgment of the County Court, Muskingum County, Ohio, is hereby reversed and remanded for further proceedings consistent with this opinion, with directions to conduct an evidentiary hearing on appellant's motion to set aside judgment.
 By: Wise, J. Farmer, P. J., and Delaney, J., concur. *Page 6 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the County Court of Muskingum County, Ohio is reversed and remanded for further proceedings consistent with this opinion.
Costs assessed to appellee.
[1] In the case sub judice, appellant has not specifically challenged the trial court's utilization of the "default judgment" mechanism and nomenclature. We note it is well established that "* * * if a party or his or her representative has appeared as a matter of record in any manner, the notice and hearing required by Civ. R. 55(A) must be given to that party before default judgment may be granted." See Meglan, Meglan Co.,Ltd. v. Bostic, Franklin App. No. 05AP-831, 2006-Ohio-2270, ¶ 13, citingMattress Distrib., Inc. v. Cook, Cuyahoga App. No. 81794, 2003-Ohio-1361, ¶ 10. Nonetheless, we are not inclined to sua sponte address this issue in the present appeal. *Page 1