OPINION
{¶ 1} Appellant, Ross J. Wright, appeals from a judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, denying his motion to declare a previous judgment of the court void ab initio, and awarding attorney's fees to appellee, Melissa B. Wright, in the amount of $4,000:
 {¶ 2} The following facts are taken from this court's decision inWright v. Wright, Franklin App. No. 07AP-595, 2008-Ohio-544 ("WrightI"): *Page 2 
 Appellant and appellee, Melissa B. Wright, were married in 1991. On August 21, 2000, they filed a joint petition for the dissolution of the marriage in the Franklin County Court of Common Pleas, Division of Domestic Relations. On September 28, 2000, the trial court filed a judgment entry dissolving the marriage. Incorporated in that judgment entry was the parties' separation agreement. As part of that agreement, the parties agreed that appellant shall receive all funds in his IRA account, valued at $38,500. The agreement provided that it could be amended or modified only by a written document signed by both parties.
 Shortly thereafter, on December 29, 2000, the trial court signed and filed a judgment entry, signed and agreed to by the parties, to amend the parties' separation agreement. The amendments increased the value of appellant's IRA account to $56,500, provided that the parties would equally divide the value of the account, and further provided that appellant shall immediately transfer that amount to appellee's IRA fund. Apparently, appellant never transferred the funds to appellee's IRA.
 Six and one-half years later, appellant filed a motion with the trial court seeking to declare the December 29, 2000 judgment entry void ab initio. Appellee filed a memorandum in opposition to appellant's motion. In that memorandum, appellee also requested an award of attorneys' fees or, in the alternative, a hearing to determine if attorneys' fees were appropriate. The trial court, in a decision and judgment entry dated June 28, 2007, denied appellant's motion to declare the December 29, 2000 judgment entry void ab initio. The trial court also delayed hearing appellee's request for attorneys' fees until it heard her previously-filed contempt motion regarding appellant's failure to transfer the funds.
Id. at ¶ 2-4.
 {¶ 3} Appellant timely appealed the trial court's June 28, 2007 judgment entry to this court. On February 12, 2008, this court granted appellee's motion to dismiss for lack of jurisdiction. Jurisdiction to this court was lacking because the June 28, 2007 entry did not constitute a final appealable order since appellee's request for attorney's fees was not *Page 3 
determined, and the entry did not contain Civ. R. 54(B) "no just reason for delay" language.
 {¶ 4} On April 1, 2008, the trial court issued a decision and judgment entry incorporating the June 28, 2007 decision, granting appellee's request for attorney's fees in the amount of $4,000, and stating the April 1, 2008 entry was a final appealable order. It is from this decision that appellant appeals and asserts the following two assignments of error:
 APPELLANT'S FIRST ASSIGNMENT OF ERROR
 The lower court erred in overruling Appellant's motion to declare that the Court's "Judgment Entry — Amendment To Separation agreement" filed December 29th, 2000 is and was Void ab initio due to the fact that the case was not properly back before the court under a Civil Rule 60(B) or some other appropriate motion and due to the fact that said "Judgment Entry" purported to change a prior judgment and property distribution and was rendered in violation of statutory and case law for the state of Ohio and erred in denying Appellant's request that the Court, sua sponte, vacate said "judgment."
 APPELLANT'S SECOND ASSSIGNMENT OF ERROR
 The lower court erred in awarding attorney fees to Appellee, from Appellant, since the attorney fees were incurred based upon alleged rights and obligations arising from the December 29th, 2000 Judgment Entry — Amendment To Separation agreement which was void ab initio.
 {¶ 5} Appellate courts review the denial of a motion to vacate under an abuse-of-discretion standard. Stonehenge Condominium Assn. v.Davis, Franklin App. No. 04AP-1103, 2005-Ohio-4637, at ¶ 13, citingDaniel v. Motorcars Infiniti, Inc., Cuyahoga App. No. 85005,2005-Ohio-3008, at ¶ 8. "The term `abuse of discretion' connotes more than an *Page 4 
error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219.
 {¶ 6} Appellant concedes Article 13 of the separation agreement states, "[t]his agreement may be amended or modified only by written document signed by both parties[,]" and appellant acknowledges the separation agreement was incorporated into the decree of dissolution filed on September 28, 2000. (Separation Agreement at 14.) However, according to appellant, because the separation agreement did not contain a reservation for modification of the separation agreement by a "court," Article 13 of the separation agreement was meant to refer only to pre-decree modifications only. Thus, according to appellant, the December 2000 amended judgment entry was of no effect as the trial court lacked jurisdiction to modify the parties' property division after final judgment was rendered in September 2000.
 {¶ 7} In support, appellant cites R.C. 3105.171(I), which states in relevant part:
 A division or disbursement of property or a distributive award made under this section is not subject to future modification by the court.
 {¶ 8} In In re Whitman (1998), 81 Ohio St.3d 239, the Supreme Court of Ohio was asked to decide whether a party to a dissolution of marriage is entitled to relief from judgment under Civ. R. 60(B) when at the time of consenting to the separation agreement, the party was unaware that the agreement contained material omissions, mistakes, and misstatements regarding marital property. The court held, "where the parties to a dissolution have expressly agreed in a separation agreement that the agreement may be modified by court order, and the agreement has been incorporated into the decree, a trial court may, pursuant to its continuing jurisdiction to enforce the decree, grant relief from *Page 5 
judgment under Civ. R. 60(B)(1), (2), or (3) as to the property division in the separation agreement, without vacating the decree of dissolution." Id. at 240-241. The court reasoned that while the General Assembly did not create continuing jurisdiction for a trial court to modify property divisions in separation agreements, "nothing in the statutes suggests that parties are precluded from voluntarily including a provision for continuing jurisdiction in their separation agreement." Id. at 244.
 {¶ 9} Appellant suggests Whitman is not applicable here because the separation agreement in Whitman provided that the agreement could be modified by a writing signed by both parties or by court order; therefore, it was permissible for the parties to seek relief pursuant to Civ. R. 60(B) and not run afoul of jurisdiction prohibitions. In contrast, the separation agreement at issue here provides for modification only by party agreement and not by court order. Hence, appellant contends not only did the trial court lack jurisdiction to enter the December 2000 entry, but also it lacked jurisdiction to act even if a motion for relief from judgment pursuant to Civ. R. 60(B) had been filed.
 {¶ 10} It is important to note that in Whitman, the court emphasized that mutual consent is the cornerstone of dissolution law, and despite the need for finality of judgments, parties are not precluded from voluntarily including a provision for continuing jurisdiction in their separation agreement. Further, in Whitman, the court noted the separation agreement was incorporated into the final decree, and there is no indication from the court that the reservation for modification of the separation agreement, either by the court or party agreement, refers to pre-decree modifications only. Moreover, prior to, and sinceWhitman, courts have recognized that though a trial court cannot modify a division of property, the parties themselves may modify the property division. Hale v. *Page 6 Hale (Jan. 26, 2000), Medina App. No. 2935-M. "A trial court may enforce a post-decree modification agreed to by the parties. Such an order does not violate the principle that the court does not have jurisdiction to modify a property division." (Internal citations omitted.) Id. See, also, Gibson v. Gibson, Lorain App. No. 04CA008590, 2005-Ohio-3109 ("As the parties agreed to modify their property division, the domestic relations court had jurisdiction to enforce their agreement.");Ranier v. Ranier (Nov. 5, 1981), Franklin App. No. 81AP-162 (parties to a separation agreement may modify it by agreement even post-decree if such modification is supported by valuable consideration). Myers v.Myers (Dec. 7, 1994), Summit App. No. 16696 (parties to a separation agreement can themselves modify the separation agreement after it has been incorporated into a decree of dissolution).
 {¶ 11} In Thomas v. Thomas, 159 Ohio App.3d 761, 2004-Ohio-2928, the separation agreement incorporated into the dissolution decree stated in part that "this agreement shall not be altered, changed or modified, except that it be done in writing and signed by both parties." Approximately ten years after the parties' dissolution was final, because it was no longer needed or wanted, the wife filed a motion to terminate spousal support from her husband. Relying on Whitman, the court in Thomas stated:
 We note that, although the trial court does not have jurisdiction to grant Soltis' unilateral motion to terminate spousal support, the trial court would have jurisdiction to terminate spousal support if the parties made a joint request in writing. The separation agreement provides that the parties themselves are free to modify the agreement provided that the modification "is done in writing and signed by both parties." Therefore, were Soltis and Thomas to file a joint motion, pursuant to the terms of the original agreement, reflecting their mutual desire to modify that agreement by terminating Thomas' obligation to pay spousal support, the *Page 7 
court would have the authority, as well as the obligation, to give effect to the parties' request. * * *
Id. at ¶ 16.
 {¶ 12} Here, like in Thomas, the separation agreement provided that the agreement could be amended or modified only by a written document signed by both parties. This separation agreement was incorporated into the September 2000 entry dissolving the parties' marriage. Handwritten in the separation agreement under pension and retirement assets was the following: "The husband shall receive all funds in the IRA account ($38,500 approximately)." (Separation Agreement at 7.) Three months later, on December 29, 2000, a "Judgement Entry — Amendment to Separation Agreement" signed and agreed to by both parties was filed. This December 2000 entry provided for the omission of the above-cited clause pertaining to appellant's IRA, and for the following:
 * * * The parties shall equally divide the value of the husband's IRA account as of September 22, 2000. The parties stipulate that the value of the husband's IRA account as of September 22, 2000 was approximately $56,500.00. The husband shall immediately have his IRA trustee transfer one half of the value of the husband's IRA directly to the trustee of an IRA established for the wife. In addition to receiving one half of the value of the husband's IRA as of September 22, 2000, the wife shall also receive interest on her funds at the rate of fifteen percent per year from September 22, 2000 until the funds have been transferred to the trustee of the IRA established for the wife.
 {¶ 13} In denying appellant's motion to vacate this judgment entry, the trial court, relying on Myers and Ranier, noted that after a separation agreement has been incorporated into a decree of dissolution, the parties to a separation agreement may modify its terms by subsequent acts or agreements so long as it is supported by consideration. Also, the trial court found that the separation agreement here was *Page 8 
incorporated into the dissolution decree, it permitted modification by agreement of the parties, and there was consideration for the amended entry.
 {¶ 14} Upon review, we find no abuse of discretion in the trial court's findings. The parties expressly reserved the right to modify their separation agreement by written agreement signed by both parties. Thereafter, the parties modified the separation agreement precisely the way in which the separation agreement provided, i.e., by submitting an agreed writing signed by both parties. As stated in Hale andMiller, in a dissolution proceedings, a trial court may enforce a post-decree modification agreed to by the parties, and such order does not violate the principle that the court does not have jurisdiction to modify a property division.
 {¶ 15} To the extent appellant suggests any modification in the circumstance herein could only be obtained through direct appeal or Civ. R. 60(B) relief, we note that a Civ. R. 60(B) motion does not appear to have been filed in Hale, and though a Civ. R. 60(B) motion was filed in Gibson, the motion was not ruled upon because the parties negotiated an agreed entry modifying their decree. Perhaps if this matter was not agreed upon and appellee unilaterally filed a Civ. R. 60(B) motion three months post-decree and the trial court took action, appellant's asserted jurisdictional argument may have some merit. Here, however, the parties reserved the right to modify their separation agreement, said agreement was incorporated into the dissolution decree, and the parties did modify their separation agreement three months post-decree in the manner contemplated by their separation agreement. In a circumstance such as this, where the trial court is enforcing a post-decree modification agreed to by the parties, where the parties have expressly reserved the right to modify their separation agreement via party agreement *Page 9 
and the separation agreement has been incorporated into a dissolution decree, there is no violation of the principle that the court does not have jurisdiction to modify a property division. Myers; Thomas;Hale.
 {¶ 16} Accordingly, we overrule appellant's first assignment of error.
 {¶ 17} In his second assignment of error, appellant contends the award of attorney's fees was erroneous. Appellant does not challenge the amount but, rather, contends that because the incurred fees were based upon an entry that was void ab initio, any motion or decision stemming from the void entry would be void as well. Because we have determined the December 2000 entry is not void for lack of jurisdiction, we find no merit to appellant's argument made under his second assignment of error. Accordingly, we overrule appellant's second assignment of error.
 {¶ 18} For the foregoing reasons, appellant's two assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, is hereby affirmed.
Judgment affirmed.
 BRYANT and TYACK, JJ., concur. *Page 1