[This decision has been published in *Ohio Official Reports* at 97 Ohio St.3d 424.]

KIMBLE, APPELLANT, *v.* KIMBLE., APPELLEE.

[Cite as *Kimble v. Kimble*, 2002-Ohio-6667.]

*Domestic relations—Divorce—Spousal support—Trial court has authority to modify or terminate an order for alimony or spousal support only if the divorce decree contains an express reservation of jurisdiction—R.C. 3105.18(E), applied and interpreted.*

(No. 2001-2118—Submitted October 16, 2002, at the Licking County Session—Decided December 13, 2002.)

APPEAL from the Court of Appeals for Licking County, No. 01CA55, 2001-Ohio-1737.

_____

SYLLABUS OF THE COURT

Pursuant to R.C. 3105.18(E), a trial court has the authority to modify or terminate an order for alimony or spousal support only if the divorce decree contains an express reservation of jurisdiction. R.C. 3105.18(E), applied and interpreted.

_____

FRANCIS E. SWEENEY, SR., J.

{¶1} Appellant, Charlotte Kimble, and appellee, Mike Kimble, were married on April 1, 1976, and divorced on January 14, 2000. Pursuant to the divorce decree, appellee was required to pay appellant spousal support in the amount of $150 per week for six years. The decree specifically provided that the court would not retain jurisdiction over the issue of spousal support.

{¶2} Appellant remarried on September 2, 2000. Following her remarriage, appellee filed a motion to terminate spousal support. The matter was heard by a magistrate, who granted appellee's motion. Appellant filed an objection to the

magistrate's decision. The trial court sustained the objection and found that appellee was obligated to pay appellant spousal support. The court of appeals, in a two-to-one decision, reversed the judgment of the trial court and terminated spousal support. The cause is now before this court upon allowance of a discretionary appeal.

{¶3} The sole issue for our review is whether a trial court has jurisdiction to terminate a time-limited order for spousal support where the obligee remarries and where the divorce decree provides for no retention of jurisdiction. We find that since there was no retention of jurisdiction, the trial court lacked the authority to terminate spousal support.

{¶4} R.C. 3105.18(E) governs the payment of alimony and spousal support and specifies the circumstances under which the trial court may modify such awards. R.C. 3105.18(E) expressly provides that a court "does not have jurisdiction to modify the amount or terms of the alimony or spousal support unless * * * the circumstances of either party have changed and * * * (1) In the case of a divorce, the decree * * * contains a provision specifically authorizing the court to modify the amount or terms of alimony or spousal support."

{¶5} It is a fundamental principle of statutory construction that where the meaning of a statute is clear and definite, it must be applied as written. *Bailey v. Republic Engineered Steels, Inc.* (2001), 91 Ohio St.3d 38, 40, 741 N.E.2d 121. R.C. 3105.18(E) clearly states that in order for a trial court to modify spousal support, the divorce decree itself must retain jurisdiction.

{¶6} Despite this clear language, appellee argues that R.C. 3105.18(E) does not apply to this appeal, since he filed a motion to terminate, not to modify, spousal support. The term "modify" is not defined in the statute. Therefore, it must be afforded its plain and ordinary meaning. *Sharp v. Union Carbide Corp.* (1988), 38 Ohio St.3d 69, 70, 525 N.E.2d 1386; R.C. 1.42. Appellee maintains that the term "modify," which is defined in Black's Law Dictionary as to "alter; to change * * *;

2

enlarge, extend; amend; limit, reduce," has a different meaning from the term "terminate," which is defined as to "put an end to; to make to cease; to end." Black's Law Dictionary (6th Ed. 1990) 1004, 1471.

{¶7} We reject appellee's position and find that a motion to terminate alimony or spousal support falls within the purview of R.C. 3105.18(E). In *In re Adams* (1989), 45 Ohio St.3d 219, 543 N.E.2d 797, we rejected a similar argument made by an ex-husband who filed a motion to terminate alimony. We stated that the difference between a modification and a termination of alimony was "a distinction without a difference. " 'Modification' and 'termination' of an alimony award are simply different points or degrees on the same continuum." Id. at 221, 543 N.E.2d 797. Thus, we conclude that a motion to terminate spousal support falls within the definition of a "modification," since it seeks to alter, change, or reduce the support award.

{¶8} Appellee further argues that notwithstanding the jurisdictional requirements of R.C. 3105.18(E), public policy dictates that a person should not be required to continue to pay spousal support to an ex-spouse who has remarried.[1] Appellee cites *Dunaway v. Dunaway* (1990), 53 Ohio St.3d 227, 560 N.E.2d 171, for support, a decision the court of appeals relied upon.

{¶9} In *Dunaway,* the ex-husband challenged his obligation to continue to pay an indefinite sustenance award after his ex-wife remarried. At the time the parties were divorced, statutory law was silent as to when a trial court has jurisdiction to modify a spousal support award. Former R.C. 3105.18, 135 Ohio Laws, Part II, 1974. Therefore, based strictly upon public-policy principles, we found that the ex-wife's remarriage terminated her indefinite alimony award. However, the General Assembly subsequently amended R.C. 3105.18(E),

---

1. Appellee also cites R.C. 3103.03 to support his position that spousal support terminates upon the remarriage of the obligee. However, this statute concerns a married person's obligation to support a spouse. It has no applicability to the issue presented here.

applicable to actions on or after May 2, 1986. Since this appeal involves a post-1986 divorce, we can no longer rely on the policy set forth in *Dunaway*, which conflicts with and is superseded by statute. Therefore, we find that the court of appeals erred in this regard.

**{¶10}** Since the instant appeal is subject to R.C. 3105.18(E), we must adhere to the jurisdictional requirements of that statute. Consequently, we hold that pursuant to R.C. 3105.18(E), a trial court has the authority to modify or terminate an order for alimony or spousal support only if the divorce decree contains an express reservation of jurisdiction. As applied to this case, since the trial court did not reserve jurisdiction over the matter of spousal support, we find that it lacked authority to terminate the award.

**{¶11}** Accordingly, we reverse the judgment of the court of appeals and reinstate the award of spousal support.

Judgment reversed.

MOYER, C.J., DOUGLAS, RESNICK, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

––––––––––––––––––––

Southeastern Ohio Legal Services, Peggy Lee and Amanda Beck; Ohio State Legal Services Association and Anthony Touschner, for appellant.

Elizabeth N. Gaba, for appellee.

––––––––––––––––––––