OPINION
{¶ 1} On August 12, 1989, appellant, Faith Geyer, and appellee, Dennis Geyer, were married. On December 18, 2001, appellant filed for divorce.
 {¶ 2} A hearing before a magistrate was held on November 20, 2001. By decision filed January 24, 2002, the magistrate recommended several orders pursuant to an agreement between the parties. Pertinent to this appeal is the order that appellee pay appellant $200.00 for thirty-six months as spousal support. By judgment entry filed February 13, 2002, the trial court approved and adopted the magistrate's decision.
 {¶ 3} On April 18, 2002, appellee moved to terminate his spousal support obligation as appellant was cohabitating with a male. By decision filed September 10, 2002, the magistrate found the trial court had not reserved jurisdiction over spousal support and therefore denied appellee's motion. Appellee filed objections. By judgment entry filed February 10, 2003, the trial court overruled the objections pertaining to spousal support, but sua sponte terminated spousal support finding appellant had remarried.
 {¶ 4} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I {¶ 5} "The Trial Court Erred As A Matter Of Law When It Acted To Terminate An Order For Spousal Support Where The Divorce Decree Did Not Conatin An Express Reservation Of Jurisdiction."
 I {¶ 6} Appellant claims the trial court erred in terminating spousal support. We agree.
 {¶ 7} The magistrate's recommendation as to spousal support, agreed to by the parties and approved and adopted by the trial court, ordered the following:
 {¶ 8} "The Defendant shall be further required to pay to the Plaintiff as and for spousal support the amount of $200.00 per month plus processing fee commencing 12/1/2001 and to continue for a period of thirty six (36) months. Any arrearage in spousal support should be paid by 3/11/2002. Said amount shall also be paid through the Child Support Enforcement Agency. The Court shall not retain jurisdiction over the issue of spousal support except as necessary to the enforce (sic) this Order." See, January 24, 2002 Magistrate's Decision at Recommendation No. 5.
 {¶ 9} Clearly the trial court did not retain jurisdiction over the spousal support issue. In Kimble v. Kimble, 97 Ohio St.3d 424,2002-Ohio-6667, syllabus, the Supreme Court of Ohio stated, "Pursuant to R.C. 3105.18(E), a trial court has the authority to modify or terminate an order for alimony or spousal support only if the divorce decree contains an express reservation of jurisdiction. R.C. 3105.18(E), applied and interpreted."
 {¶ 10} In addition, during the objection hearing, appellee withdrew his objection to the magistrate's denial of his motion to terminate the spousal support. January 27, 2003 T. at 26-27.
 {¶ 11} Upon review, we find the trial court erred in terminating the spousal support award.
 {¶ 12} The sole assignment of error is granted.
 {¶ 13} The judgment of the Court of Common Pleas of Tuscarawas County, Ohio is hereby reversed.