OPINION
{¶ 1} These appeals arise from the Portage County Court of Common Pleas, Domestic Relations Division. Appellant, Delbert G. Stewart, appeals a final divorce decree in which appellee, Doris M. Stewart, was granted spousal support. He also appeals the trial court's denial of his motion for relief from judgment.
 {¶ 2} In his pro se appellate brief, appellant has failed to direct this court's attention to specific assignments of error relating to the proceedings below. Instead, appellant's brief is an ongoing diatribe, which predominately serves to vent his frustration at the outcome of the divorce proceedings, with little indication as to the assignments of error to be gleaned from within. Both the appellate rules and local rules of this court require appellants to clearly set forth the assignments of error presented to this court.[1]
 {¶ 3} However, embedded within the text are hints at alleged errors on the part of the lower court in its proceedings. Thus, this court, in giving appellant great leeway and after striking five prior briefs, will attempt to extract any legitimate assignments of error contained within the missive presented.
 {¶ 4} The following facts are relevant to this appeal. The parties were married on September 13, 1991. No children were born of the marriage. Appellant filed a complaint for divorce on October 3, 2001. Appellee subsequently filed an answer, counterclaim, and third-party complaint. A trial on the matter was set to commence on November 12, 2002. On the day of trial, the parties presented the court with a settlement agreement in which all issues were addressed, except for the issue of spousal support, which remained unresolved. The settlement agreement was read into the record, and both parties acknowledged their agreement. The issue of spousal support was tried to the court.
 {¶ 5} On December 4, 2002, appellant filed a motion to vacate the stipulations of the parties. Appellee subsequently filed a motion to enforce the settlement agreement on December 23, 2002. On that same day, the trial court held a hearing on both motions. On January 23, 2003, the trial court issued a judgment entry overruling appellant's motion to vacate the settlement agreement and ordered appellee's counsel to prepare a final judgment entry of divorce in accordance with the terms of the previous settlement agreement, which had been read into the record at trial.
 {¶ 6} On January 29, 2003, the trial court issued findings of fact and conclusions of law regarding the issue of spousal support. The court ordered appellant to pay appellee spousal support in the amount of $3,250 a month for thirty-six months to cover the cost of appellee's health insurance, followed by $2,500 a month for an additional twelve months.
 {¶ 7} On March 27, 2003, appellee filed a motion for contempt. On May 27, 2003, appellant filed a letter informing the court that he had discharged his trial counsel. Appellant followed this with a motion to dismiss financial support on July 1, 2003. On July 7, 2003, appellee filed a second motion for contempt for failure to comply with the January 23, 2003 order, failure to pay spousal support, and a request for lump sum arrearages.
 {¶ 8} Appellant then filed a contempt motion on July 14, 2003, raising several issues of noncompliance with the previous settlement agreement. A hearing was held on all pending motions on July 23, 2003. At the conclusion of this hearing, the trial court issued a decree of divorce, which encompassed the previous settlement agreement. All pending contempt motions were denied, as the court found the motions related to an order that had not yet been journalized.
 {¶ 9} Appellant filed a notice of appeal from the July 23, 2003 divorce decree on August 19, 2003. On September 2, 2003, appellant filed a Civ. R. 60 motion for relief from judgment with the trial court. This court subsequently issued a limited remand to permit the trial court to rule on the Civ. R. 60 motion. The trial court held a hearing on the motion and permitted appellant to supplement his original motion with evidence and argument. On October 22, 2003, the trial court overruled appellant's Civ. R. 60 motion. On November 6, 2003, appellant filed a notice of appeal from the denial of the Civ. R. 60 motion. Both that appeal and the appeal from the July 23, 2003 judgment entry will be addressed simultaneously by this court as they have been consolidated for disposition.
 {¶ 10} We have construed appellant's brief to present four assignments of error on appeal. In the first assignment of error, appellant takes issue with the property settlement agreement. More specifically, appellant contends that he agreed to the settlement agreement only with the caveat that appellee would waive any request for spousal support in lieu of the distributions contained within the settlement agreement.
 {¶ 11} The courts of common pleas and their domestic relations divisions have jurisdiction to determine all domestic relations issues.[2] R.C. 3105.18(B) authorizes the trial court to award spousal support in "divorce and legal separation proceedings." Moreover, it is well-established that a trial court has broad discretion in determining spousal support awards.[3] The trial court is also granted discretion to modify the spousal support award providing the court expressly retains jurisdiction.[4]
 {¶ 12} A reviewing court will not disturb an award of spousal support issued by the trial court unless, after considering the totality of the circumstances, the court concludes the trial court abused its discretion.[5] An abuse of discretion requires more than an error of law or judgment but, instead, it entails an action of the trial court that is deemed "unreasonable, arbitrary or unconscionable."[6] Thus, in reviewing a spousal support award on appeal, the appellate court must "look at the totality of the circumstances and determine whether the trial court acted unreasonably, arbitrarily or unconscionably."[7]
 {¶ 13} Appellant's assertion that the settlement agreement was dependent upon appellee's waiver of spousal support is not borne out by the record. A review of the trial transcript reveals the trial court informed the parties that it was the court's understanding that a property settlement agreement had been reached and that the only issue in contention was spousal support. Counsel for both parties agreed to make presentations regarding the issue of spousal support. The property agreement was then read into the record. No objection was made by appellant or his counsel at that time.
 {¶ 14} Moreover, appellant's counsel stated at trial that appellant conceded that spousal support was in order and that the only issue in dispute was the amount: "[w]e don't disagree, your Honor, that Mrs. Stewart should be given some spousal support. We do not feel that it should be anymore than three years at the most."
 {¶ 15} Appellant owned his own roofing business, the stipulated value of which was $230,987. During the marriage, appellee worked as the bookkeeper of the business and earned approximately $300 per week. Moreover, the trial court had issued a temporary spousal support order of $300 per week, not including appellee's rent, utilities, and health insurance coverage.
 {¶ 16} At the conclusion of the proceedings, the trial court awarded appellee $2,500 per month in spousal support for forty-eight months, including an additional $750 per month for health insurance coverage for thirty-six months. The support order remained in force for the specified time period or until appellee died or remarried or until appellant died.
 {¶ 17} Appellant does not direct this court's attention to any evidence in the record that supports his contention or rebuts the trial court's findings. Appellant alludes to additional evidence, both in his appellate brief and his Civ. R. 60 motion, but has not produced any such evidence.
 {¶ 18} Thus, the record is devoid of evidence supporting appellant's claim that he was "surprised" when appellee requested spousal support. Similarly, evidence supporting appellant's contention that appellee elected to forego spousal support in light of the property settlement is equally lacking in the record. Thus, after considering the totality of the circumstances, we conclude the trial court did not abuse its discretion in awarding spousal support to appellee.
 {¶ 19} Appellant's first assignment of error is without merit.
 {¶ 20} Appellant's second and third assignments of error primarily focus on the final judgment entry of divorce and, again, on the issue of spousal support. Appellant contends the preparation of the judgment entry by appellee's counsel runs afoul of the law. Moreover, appellant contends the statutes providing for the award of spousal support and the court's ability to reserve jurisdiction on the issue of spousal support in order to modify are unconstitutional.
 {¶ 21} In its October 22, 2003 judgment entry, the trial court noted that counsel for appellee was ordered to prepare a final judgment entry that was in accordance with the property settlement agreement, which had previously been read into the record. Appellant filed a motion to vacate the agreement and had the opportunity to address the substance of the judgment entry at issue at a hearing held by the court on May 23, 2003.
 {¶ 22} At the conclusion of that hearing, the trial court adjusted the sum to be paid from appellant to appellee because of a mutual mistake of fact. Other relief sought by appellant at that time was denied by the court. The substance of the agreement was explained to appellant at a hearing held on that same date. Other than the mutual mistake of fact, the contents of the property settlement had not changed from its inception. Appellant had discharged his trial counsel at that time and was proceeding pro se. He objected to the spousal support at that time claiming it was tantamount to "involuntary slavery" in violation of the constitution.
 {¶ 23} The court informed appellant that the issue of spousal support had remained in contention and both parties requested that it be tried before the court and the court had issued its determination on the matter. The final judgment entry was prepared by appellee's counsel, signed, and filed with the court on July 23, 2003.
 {¶ 24} We conclude appellant had ample opportunity to be heard on the issue of spousal support in the trial court. The court held a full evidentiary hearing on the matter prior to issuing the final judgment entry. Appellant's present contention that he was taken by surprise by having to pay any spousal support is without merit and is not supported by the record. Moreover, appellant's assertion that he was denied due process is also not well taken. The record demonstrates ample opportunity to present evidence regarding the issue of spousal support prior to final judgment on the matter.
 {¶ 25} Appellant also argues the constitutionality of spousal support. He maintains that awarding spousal support when both parties do not expressly agree to it is unconstitutional. Appellant also contends that requiring him to pay spousal support has Thirteenth Amendment involuntary servitude implications. We disagree with both assertions.
 {¶ 26} Initially, we note that appellant did not present his constitutional arguments in the court below and did not serve a pleading upon the Attorney General of the state of Ohio prior to challenging the constitutionality of the spousal support statutes as required by Civ. R. 4.1.[8] However, notwithstanding appellant's failure to properly challenge the statutes, we conclude that appellant's constitutional arguments are without merit.
 {¶ 27} The issue of the constitutionality of spousal support statutes has long since been addressed by Ohio courts.[9]
Spousal support has been deemed a duty owed from one spouse to another at the termination of the marriage.[10]
R.C. 3105.18(B) provides for an award of spousal support. It reads, in pertinent part:
 {¶ 28} "In divorce and legal separation proceedings, upon the request of either party and after the court determines the division or disbursement of property under section 3105.171 of the Revised Code, the court of common pleas may award reasonable spousal support to either party."
 {¶ 29} The trial court is also granted the power to reserve jurisdiction on the issue of spousal support to provide for possible future modification of a spousal support order provided the court expressly retains jurisdiction.[11]
 {¶ 30} In the instant case, the parties had reached an agreement on all issues with the exception of spousal support, which was, in turn, tried to the trial court. The record reveals that at the November 12, 2002 hearing both parties agreed spousal support was in order but could not reach an agreement as to the amount of support to be awarded. At that same hearing, both parties agreed that counsel would each make presentations regarding spousal support and the court would then make a finding concerning the spousal support award and combine those findings with the property settlement agreement, which had already been stipulated to by the parties.
 {¶ 31} The trial court then held two hearings on the matter, which included testimony from each party to establish jurisdiction and acknowledgment of the settlement agreement. The court and counsel for both parties agreed to go forward with statements of counsel regarding spousal support. At no time during the hearing did appellant express any reservations or disagreement to the court or his counsel regarding the issue of a spousal support award. Counsel for appellee also offered into evidence documents regarding an analysis of appellant's income, tax statements, healthcare benefits, retirement benefits, and summaries of each party's health condition. The trial court ultimately awarded appellee spousal support based upon a calculation of all pertinent statutory factors and an analysis of the above-mentioned evidentiary materials.
 {¶ 32} Therefore, appellant's arguments regarding the constitutionality of the spousal support provisions of R.C. 3105.18 are without merit.
 {¶ 33} Appellant's second and third assignments of error are without merit.
 {¶ 34} In his final assignment of error, appellant contends the trial court erred in overruling his motion for relief from judgment made pursuant to Civ. R. 60(A) and (B).
 {¶ 35} Civ. R. 60(A) permits a trial court to correct clerical mistakes that are apparent on the record.[12] However, the rule does not permit the trial court to make substantive changes in the judgment.[13] A "clerical mistake" is a "mistake or omission, mechanical in nature, apparent on the record and `"which does not involve a legal decision or judgment."'"[14]
 {¶ 36} In his Civ. R. 60(A) motion, appellant asserted that the trial court inserted the term "shall" in place of "should" in stating its findings regarding appellant's requirement to pay for appellee's medical coverage and spousal support. Appellant contends that the earlier "should" language created a voluntary payment situation, whereas the later "shall" language rendered appellant's duties involuntary. We are not persuaded by appellant's contentions. In issuing its order, the trial court never intended the spousal support payments to be voluntary in nature and at the whim of appellant's fancy. Such a transparent, nonbinding order would do little to serve the parties in a divorce action. Thus, the trial court did not commit a clerical mistake in issuing its judgment and, as such, did not abuse its discretion in overruling appellant's Civ. R. 60(A) motion for relief from judgment.
 {¶ 37} Appellant also filed a motion for relief from judgment pursuant to Civ. R. 60(B). The movant for relief from judgment under Civ. R. 60(B) must demonstrate: (1) they have a meritorious defense or claim to present if relief is granted; (2) they are entitled to relief under one of the grounds set forth in Civ. R. 60(B)(1)-(5); and (3) the motion has been made within a reasonable amount of time.[15] A motion must meet all three of these requirements.[16] The burden is placed on the movant to demonstrate that the initial judgment must be set aside.[17]
 {¶ 38} In his pro se motion, appellant did not provide the required affidavit or any evidentiary materials demonstrating the necessity of setting aside the prior judgment.[18] In his brief to this court, appellant continues to refer to other evidentiary materials that he claims warrant setting aside the initial judgment. Appellant is not required to submit an affidavit or other materials in his motion, but must otherwise present allegations of operative facts to demonstrate he is entitled to relief.[19] That has not occurred here. Appellant has failed to set forth any allegations in his motion that would justify relief if proven. Moreover, the trial court, in its own discretion, held a hearing on the Civ. R. 60(B) motion, in which it specifically stated that it was not conducting an evidentiary hearing. Therefore, both parties were prohibited from putting forth evidence in support of their claims. Neither party objected to this or attempted to present evidence. It appears as though the trial court misconstrued the purpose of the Civ. R. 60(B) hearing, as it is intended to be an opportunity for the parties to present evidence in support of the factual allegations asserted.
 {¶ 39} However, without any new evidence presented to the trial court or even produced at this late date, appellant's contentions amount to little more than a repetition of his arguments presented at trial. Therefore, we conclude the trial court did not abuse its discretion in overruling appellant's motion for relief made pursuant to Civ. R. 60(A) and (B).
 {¶ 40} Appellant's fourth assignment of error is without merit.
 {¶ 41} Thus, based on the foregoing, appellant's assignments of error are without merit. The judgments of the Portage County Court of Common Pleas, Domestic Relations Division, are affirmed.
Ford, P.J., Christley, J., concur.
[1] See App. R. 16(A)(3); Loc. R. 12(C)(4) of the Eleventh Appellate Judicial District.
[2] R.C. 3105.18.
[3] Kunkle v. Kunkle (1990), 51 Ohio St.3d 64, 67.
[4] R.C. 3105.18(E); Kimble v. Kimble, 97 Ohio St.3d 424,2002-Ohio-6667, syllabus.
[5] Kunkle, at 67, citing Holcomb v. Holcomb (1989),44 Ohio St.3d 128, 131.
[6] Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
[7] Kunkle, at 67.
[8] See Civ. R. 4.1; Cicco v. Stockmaster (2000),89 Ohio St.3d 95, 99.
[9] Cramer v. Petrie (1994), 70 Ohio St.3d 131, 136, citingState ex rel. Cook v. Cook (1902), 66 Ohio St. 566; In reGonzalez (Dec. 29, 2000), 11th Dist. No. 99-L-038,2000 Ohio App. LEXIS 6193, at *13.
[10] Cramer, at 136.
[11] See R.C. 3105.18(E); Kimble v. Kimble,97 Ohio St.3d 424, 2002-Ohio-6667, syllabus.
[12] Londrico v. Delores C. Knowlton, Inc. (1993),88 Ohio App.3d 282, 285.
[13] Id.
[14] (Citations omitted.) Londrico, at 285.
[15] GTE Automatic Electric. v. ARC Industries (1976),47 Ohio St.2d 146, paragraph two of the syllabus.
[16] Svoboda v. Brunswick (1983), 6 Ohio St.3d 348, 351.
[17] Rose Chevrolet, Inc. v. Adams (1988), 36 Ohio St.3d 17,21.
[18] Adomeit v. Baltimore (1974), 39 Ohio App.2d 97, 104.
[19] Id.