OPINION
{¶ 1} Plaintiff-appellant, Nancy Keenan, appeals from Jefferson County Common Pleas Court judgments granting defendant-appellee's, Bernard Keenan's, motion for relief from judgment and denying her motion for relief from judgment.
 {¶ 2} Appellant and appellee were married on May 1, 1992 and divorced on July 2, 2004. While the divorce was pending, appellee suffered a stroke. The court thereafter substituted Patricia Grimes, appellee's daughter and guardian, as the party defendant in the case.
 {¶ 3} In the divorce decree, the court ordered appellee to pay appellant $700 per month in spousal support for a period of two years and ten months. Appellee subsequently filed a notice of appeal from the divorce decree. See Keenan v. Keenan, 7th Dist. No. 04-JE-23, 2005-Ohio-___.
 {¶ 4} Additionally, in the divorce decree and the findings of fact and order that preceded it, the court found that the home the parties shared was marital property and that the parties each had an equal, one-half interest in the home. It noted that both parties wished to be awarded the home. Therefore, the court ordered that appellant had the first option to acquire the home. It instructed appellant that if she wished to exercise this option, she was to indicate so in writing to appellee within 30 days of the court's order. If appellant did not exercise her option within the time limit, appellee then had the option to purchase the home.
 {¶ 5} Appellee filed a notice of intent to exercise his option to purchase the marital home. Appellee also filed a motion to disallow appellant's election to purchase the home and to approve his election. He argued that appellant had not timely asserted her option to purchase the home. Appellee stated that on July 26, his counsel received a letter from appellant's attorney dated July 23, stating that appellant had sent a letter to the court informing it of her intent to exercise her option. Appellant's letter was attached to the motion.
 {¶ 6} The court held a hearing on the motions on August 9, 2004. In its August 19 judgment entry, the court determined that appellant failed to exercise her option to purchase the home within the time limit required, while appellee exercised his option in a timely manner. Therefore, the court sustained appellee's motion to disallow appellant's election to purchase the home and to approve his election to purchase the home.
 {¶ 7} Appellant subsequently filed a motion for relief from judgment. The trial court overruled her motion and appellant filed an appeal from that judgment. See Keenan v. Keenan, 7th Dist. No. 04-JE-31, 2005-Ohio-___.
 {¶ 8} After the other two appeals were filed, appellee filed a Civ.R. 60(B) motion for relief from judgment in the trial court. In his motion, appellee requested relief from the court's judgment that he pay spousal support alleging that it was no longer equitable and that he did not have the ability to make the payments. Appellee stated that he is currently residing in a nursing home that requires him to pay $2,322 monthly. He also stated that his monthly benefits equal $2,335.15, leaving only $13.15 in monthly disposable income. Since the spousal support payment is not an allowable deduction for Medicaid purposes, appellee alleged that he must choose between paying the nursing home where he resides and being in contempt of court for failing to pay spousal support, or paying the spousal support and being removed from the nursing home that he requires.
 {¶ 9} The trial court held a hearing on the motion. In its March 9, 2005 judgment, the court found that at the time it entered the divorce decree ordering appellee to pay $700 per month in spousal support for two years and ten months, it was of the opinion that Medicaid would take into account the spousal support obligation as an allowable deduction in determining the amount of assistance that it would provide to appellee for his nursing home care. However, the testimony at the hearing established that Medicaid would not count the spousal support as an allowable deduction. Thus, the court concluded that since appellee had no ability to pay spousal support after paying his necessary living expenses, it was inequitable to order him to make such payments. The court also noted that it had previously ordered appellant to deposit $300 per month in escrow pending the outcome of the appeal in case number 04-JE-31 to be applied as a reasonable rental value for the use of the marital home should this court determine that the house belonged to appellee. But considering that appellant's income would be reduced by $700 per month, the court ordered that appellant was no longer required to make those escrow payments and ordered that she was permitted to withdraw one half of the payments she had already made.
 {¶ 10} Subsequently, appellant too filed a Civ.R. 60(B) motion for relief from judgment from the order that divested her of her interest in the marital home. In her motion, appellant alleged that since the testimony at the hearing on appellee's motion demonstrated that appellee will never use the home nor does he have the funds to purchase her share, the only equitable thing for the court to do was to award her the home.
 {¶ 11} The court held a hearing on appellant's motion. In its April 5, 2005 judgment, it concluded that it did not have jurisdiction to consider the motion and, therefore, denied it.
 {¶ 12} Appellant filed a timely notice of appeal from both judgments on April 7, 2005.
 {¶ 13} Appellant raises two assignments of error, the first of which states:
 {¶ 14} "THE TRIAL COURT HAD NO JURISDICTION TO TERMINATE SPOUSAL SUPPORT."
 {¶ 15} Appellant's argument that the trial court lacked jurisdiction to modify the spousal support award is two-fold. First, she argues that pursuant to R.C. 3105.18, a trial court is prohibited from modifying a spousal support order unless the divorce decree contains a specific provision authorizing it to do so. Since the decree in this case does not contain such a provision, appellant contends the court could not modify the spousal support order. Second, appellant contends that since the divorce judgment was pending on appeal, the trial court was without jurisdiction to modify it. The issue of spousal support was not directly at issue in the other appeal. However, appellant asserts that an award of spousal support is inextricably related to and dependent upon the equitable division of marital assets. Since appellee raised issues with the division of property, appellant argues that modifying the spousal support award during the pendency of such an appeal could interfere with this court's power to review the judgment on appeal.
 {¶ 16} A trial court generally loses jurisdiction after an appeal except to take action in aid of the appeal or when a remand is ordered for a ruling on a pending motion. Dowdle v.Dowdle (Aug. 7, 1997), 7th Dist. No. 482. However, a trial court retains that jurisdiction "`not inconsistent with that of the court of appeals' jurisdiction to reverse, modify, or affirm the judgment.'" Id., quoting Yee v. Erie County Sheriff's Dept.
(1990), 51 Ohio St.3d 43, 44, 553 N.E.2d 1354.
 {¶ 17} In the divorce decree, the court set out appellee's spousal support order of $700 per month for a period of two years and ten months. Appellee then filed an appeal from the divorce decree (04-JE-23) alleging two errors relating to the division of marital property and one error dealing with the amount of his spousal support arrearage.
 {¶ 18} An appeal divests the trial court of jurisdiction to consider a Civ.R. 60(B) motion for relief from judgment. Howardv. Catholic Social Serv. of Cuyahoga Cty., Inc. (1994),70 Ohio St.3d 141, 147, 637 N.E.2d 890. "Jurisdiction may be conferred on the trial court only through an order by the reviewing court remanding the matter for consideration of the Civ.R. 60(B) motion." Id.
 {¶ 19} At no time did either party request an order from this court remanding the case to the trial court for the consideration of appellee's motion for relief from judgment. The court's modification of the support order did nothing to aid the appeal in case 04-JE-23, nor did this court issue a remand for the trial court to rule on appellee's Civ.R. 60(B) motion. Furthermore, in case 04-JE-23, we reviewed the division of marital property and appellee's spousal support arrearage, which although are not the identical issues as a modification of the support order, are linked with the issue of spousal support. Thus, the trial court did not have jurisdiction to modify the spousal support award while the divorce was pending with this court.
 {¶ 20} Furthermore, the trial court failed to reserve jurisdiction to modify the spousal support award in the divorce decree. "Pursuant to R.C. 3105.18(E), a trial court has the authority to modify or terminate an order for alimony or spousal support only if the divorce decree contains an express reservation of jurisdiction. R.C. 3105.18(E), applied and interpreted." (Emphasis added.) Kimble v. Kimble,97 Ohio St.3d 424, 780 N.E.2d 273, 2002-Ohio-6667, at the syllabus. Since the trial court failed to reserve jurisdiction to modify the spousal support award, it was without jurisdiction to modify it.
 {¶ 21} Accordingly, appellant's first assignment of error has merit.
 {¶ 22} Appellant's second assignment of error states:
 {¶ 23} "IT WAS A GROSS ABUSE OF DISCRETION FOR THE TRIAL COURT TO GRANT APPELLEE RELIEF FROM JUDGMENT WITHOUT GRANTING APPELLANT CORRESPONDING RELIEF."
 {¶ 24} Here appellant argues that if appellee cannot pay spousal support, then she should not be forced to leave the marital home. She contends that the court erred in refusing to vacate its judgment awarding appellee the marital home.
 {¶ 25} In case number 04-JE-31, appellant appealed from the trial court's judgment denying her motion for relief from judgment. Thus, the sole subject of that appeal was the ownership of the marital house. Based on that fact, the trial court properly determined that it was without jurisdiction to rule on appellant's motion for relief from judgment. Additionally, as stated above, an appeal divests the trial court of jurisdiction to consider a Civ.R. 60(B) motion. Howard,70 Ohio St.3d at 147. Accordingly, appellant's second assignment of error is without merit.
 {¶ 26} For the reasons stated above, the trial court's March 9, 2005 judgment is hereby reversed. The trial court's April 5, 2005 judgment is hereby affirmed.
Waite, J., concurs.
DeGenaro, J., concurs.