**HARTLEY, Appellee,**

v.

**HARTLEY, Appellant.**

[Cite as *Hartley v. Hartley*, 176 Ohio App.3d 81, 2008-Ohio-1648.]

Court of Appeals of Ohio,
Third District, Marion County.

No. 9–07–30.

Decided April 7, 2008.

Kevin P. Collins, for appellee.

Robert E. Wilson, for appellant.

---

WILLAMOWSKI, Judge.

{¶ 1} The defendant-appellant, Larry Hartley, appeals the judgment of the Marion County Common Pleas Court, Domestic Relations Division, in which the trial court denied his motion to modify spousal support based on a lack of jurisdiction. On appeal, Larry contends that the magistrate erred by making a temporary suspension of spousal support retroactive to the date of the hearing, when the date should have been the date his employment was terminated. He also challenges the trial court's determination that it had jurisdiction to modify spousal support. For the reasons set forth below, the judgment of the trial court is affirmed.

{¶ 2} On September 5, 2002, the plaintiff-appellee, Kerry Hartley, filed a complaint seeking a divorce from Larry. On April 21, 2003, the parties filed a proposed agreed judgment entry. Paragraph seven of the handwritten agreement stated:

Spousal Support: def[endant] shall pay pl[aintiff] the sum of $1300.00/mth plus poundage by wage assignment.

A.) pl[aintiff] *shall* file for any + all benefits to which she may be entitled; (such as SSD, SSI etc.) + actively pursue each claim. If any benefits are awarded she shall notify CSEA + def[endant] Def[endant] shall have right to have any benefits received by Pl[aintiff] considered in reducing spousal support. Also Pl[aintiff] will pursue any employment she may be capable of doing.

The cover page and each subsequent page were signed by Larry, his attorney, Kerry, and her attorney. On June 16, 2003, the trial court filed an agreed judgment entry, which stated in regard to spousal support:

Defendant shall pay to Plaintiff as and for spousal support the sum of $1,300.00 per month. Said support, plus poundage, shall be paid by a voluntary wage assignment through the OHIO CHILD SUPPORT PAYMENT CENTRAL, OCSPC P.O. BOX 182372, COLUMBUS, OH 43218–2394. Support shall commence as of April 15, 2003.

Plaintiff shall file for any and all benefits to which she may be entitled, such as SSD, SSI, etc., and actively pursue each claim. If any benefits are awarded, Plaintiff shall notify Marion County Child Support Enforcement Agency and Defendant. Defendant shall have right to have any benefits received by Plaintiff considered in reducing spousal support. Also, Plaintiff will pursue any employment she maybe [sic] capable of doing.

{¶ 3} On February 5, 2004, Larry filed a motion to terminate spousal support and a motion for contempt. The motion for contempt was based on Kerry's failure to seek employment and/or obtain Social Security benefits, and the motion to modify was a request for termination based on Kerry's alleged contempt. On February 28, 2005, the parties filed an agreed judgment entry in which Larry agreed to withdraw his motion for contempt with prejudice, Kerry agreed to pay Larry $1,000 in increments of $100 per month to satisfy his overpayment of support, and Kerry agreed to seek employment with at least three businesses each month and to report to the Marion County Child Support Enforcement Agency on the first day of each month to update the status of her job search in writing.

{¶ 4} On November 2, 2005, Larry filed a motion for contempt and a motion to modify spousal support. The motion for contempt was based on Kerry's failure to pay him $100 per month per the court's February 28, 2005 judgment entry. Larry also sought a modification of spousal support because he had been unemployed since August 1, 2005. On January 30, 2006, Larry amended the motion for contempt and the motion to modify spousal support. Restating the above-mentioned reasons for his motions, Larry also sought a finding of contempt against Kerry for her failure to hold him harmless on a marital debt pursuant to the terms of the June 16, 2003 judgment entry. The magistrate held a hearing on Larry's motion and filed his decision on April 21, 2006. The magistrate found Kerry in contempt for failing to pay the marital debt and for failing to pay $400 of the ordered $1,000 payment to Larry pursuant to the court's orders of June 16, 2003, and February 23, 2005. The magistrate ordered Larry's spousal-support obligation to be "temporarily suspended" effective April 19, 2006, which was the date of the hearing. The magistrate determined that Larry's obligation would be reinstated upon the resolution of his pending wrongful-termination claim or upon his return to "gainful employment, whichever shall occur first." Finally, the magistrate allowed Kerry the opportunity to purge the contempt findings, but did not require her to do so until Larry resumed payment of his spousal-support obligation.

{¶ 5} On April 25, 2006, the trial court adopted the magistrate's decision as the order of the court. On May 5, 2006, Larry filed objections to the magistrate's decision based on the retroactive nature of the spousal-support suspension. Specifically, Larry argued that the suspension should have been effective as of August 1, 2005, the date he became unemployed, rather than April 19, 2006, the date of the hearing. The trial court overruled Larry's objections on May 19, 2006, and Larry filed an appeal, which was dismissed for lack of a final, appealable order due to the temporary nature of the court's judgment. *Hartley v. Hartley*, 3d Dist. No. 9–06–26, 2007-Ohio-114, 2007 WL 92370.

{¶ 6} On December 21, 2006, Larry requested a hearing in the trial court following the resolution of his wrongful-termination claim. Apparently, Larry won the action in arbitration and was awarded back pay to March 2006. The trial court held a hearing on June 22, 2007, and on June 29, 2007, it filed its judgment entry. The court indicated that it had two pending issues to address: first, whether Larry was entitled to a suspension of his spousal-support obligation from August 1, 2005, through March 2, 2006, and second, whether his support obligation should be reduced prospectively. However, before answering these questions, the court addressed the issue of jurisdiction, finding that the divorce decree called for a continuing support obligation. Pursuant to R.C. 3105.18(E)(1), the terms of the parties' agreement, and the court's subsequent judgment on June 16, 2003, the trial court determined that it did not have jurisdiction to modify Larry's spousal-support obligation. Larry timely appealed the trial court's decision and raises two assignments of error for our review.

### First Assignment of Error

The decision of the magistrate filed April 21, 2006 to suspend Defendant–Appellant's spousal support [obligation] as of the hearing date of April 19, 2006 was an abuse of discretion in that it was an error in law or judgment, or the judgment of the court was unreasonable, arbitrary and unconscionable and the trial court failed to address this issue in it's [sic] June 29, 2007 entry.

### Second Assignment of Error

It was error on the part of the trial court to fail to address the modification of spousal support where the judgment entry implies continuing jurisdiction by its language.

{¶ 7} For ease of analysis, we elect to address the assignments of error out of order. In the second assignment of error, Larry contends that the June 16, 2003 judgment entry "specifically implies continuing jurisdiction for the court to handle the matter of spousal support." Larry acknowledges that the decision to reserve jurisdiction over spousal support is within the trial court's discretion; however, he argues that an implied reservation of jurisdiction is sufficient to do so. Kerry disputes Larry's argument, arguing that R.C. 3105.18(E)(1) requires the trial court to specifically reserve jurisdiction in the judgment entry. Kerry claims that a "conditional partial retention of jurisdiction does not imply a more sweeping retention of jurisdiction. In fact it implies just the opposite."

{¶ 8} The language of the agreed judgment entry, filed on June 16, 2003, does not establish a definite duration of Larry's spousal-support obligation; therefore, it is a continuing obligation and is governed by R.C. 3105.18(E)(1), which states:

[i]f a continuing order for periodic payments of money as spousal support is entered in a divorce or dissolution of marriage action that is determined on or after January 1, 1991, the court that enters the decree of divorce or dissolution of marriage does not have jurisdiction to modify the amount or terms of the alimony or spousal support unless the court determines that the circumstances of either party have changed and unless one of the following applies:

(1) In the case of a divorce, the decree or a separation agreement of the parties to the divorce that is incorporated into the decree contains a provision *specifically authorizing the court to modify* the amount or terms of alimony or spousal support.

(Emphasis added). The Ohio Supreme Court, in interpreting R.C. 3105.18(E)(1), has determined that the trial court must expressly reserve continuing jurisdiction in order to properly consider any subsequent requests to modify the spousal-support obligation. *Kimble v. Kimble* (2002), 97 Ohio St.3d 424, 780 N.E.2d 273.

{¶ 9} This court has previously considered whether a limited reservation of authority to modify spousal support is sufficient to allow general authority to modify spousal support. *Jordan v. Jordan,* 3d Dist. No. 5-05-24, 2005-Ohio-6028, 2005 WL 3031666. In *Jordan,* the plaintiff requested a modification due to a reduction in his income. The trial court indicated that spousal support could be modified if one of the following conditions occurred:

[1] after a period of at least five (5) years from the date of the final decree has elapsed and the [Appellant's] income is significantly reduced by his altering of his practice to eliminate obstetrics; [2] upon the [Appellee] reaching the age of 65; or [3] upon the disability of the [Appellant] such that he is unable to practice medicine on a full time basis.

Id. at ¶ 9. We held that the trial court had specifically reserved jurisdiction to modify the appellant's spousal-support obligation only for any of the above-mentioned circumstances. Id. at ¶ 10. Since the appellant's motion to modify was based on an increased cost of malpractice insurance and other factors and not on the conditions mentioned in the judgment entry, the trial court did not have jurisdiction to make a modification.[1] Id.

{¶ 10} Larry urges us to rely on Supreme Court precedent, which stated that a trial court's continuing jurisdiction is implied so as to assure that spousal support awards are "continually just." *Wolfe v. Wolfe* (1976), 46 Ohio St.2d 399, 419, 75 O.O.2d 474, 350 N.E.2d 413. The *Wolfe* case dealt with the trial court's adoption of the parties' agreement concerning spousal support into the final decree of

---

1. The dissent would reach a contrary opinion holding that the conditions are mere examples of reasons for modification and not exclusions of other reasons. This is a change of opinion for the dissent which previously concurred in the restrictions set forth in *Jordan.*

divorce. The agreement apparently did not contain a reservation of jurisdiction, and the Supreme Court held that the merger doctrine applied to awards of spousal support so that the judgment entry superseded the parties' agreement. Id. at 417, 75 O.O.2d 474, 350 N.E.2d 413. While the issue concerning merger is still applicable, the court's holding concerning the implied reservation of jurisdiction has been effectively overruled by the General Assembly's amendment of R.C. 3105.18(E)(1) in the early 1990s. The amendments made by the General Assembly resulted in the statutory language set forth above, which requires trial courts to specifically reserve jurisdiction in order to make a modification. At the time *Wolfe* was decided, no such language existed in the statute. See generally *Collier v. Collier* (Jun. 9, 1999), 9th Dist. No. 19314, 1999 WL 372556 (holding in *Wolfe* limited by R.C. 3105.18(E)(2) in the event of dissolution).[2]

{¶ 11} In this case, the divorce decree, filed on June 16, 2003, ordered Larry to pay spousal support to Kerry in the amount of $1,300. The order did not include a date of termination, making it a continuing obligation. The trial court retained jurisdiction over the issue of modification in the event that Kerry successfully obtained Social Security or other benefits. The order also requires Kerry to seek employment. Larry's reason for requesting the modification is his reduction of income. This was not one of the reasons upon which modification could be granted. Therefore, even if a change in Larry's income does constitute a change in circumstances, the trial court did not specifically reserve jurisdiction to address that issue. Without this specific reservation, the trial court had no jurisdiction to modify spousal support in the event that Larry's income changed. See *Jordan,* supra. Thus, we must affirm the trial court's June 29, 2007 judgment entry.

{¶ 12} At the June 22, 2007 hearing, Larry was asked on what change in circumstances he had based his request. Larry essentially responded that Kerry's failure to gain employment should entitle him to a modification. However, the clear and unambiguous language of the parties' agreement, filed on April 21, 2003, and the court's judgment entry, filed on June 16, 2003, mandates only that Kerry seek employment that she may be capable of performing. That language clearly imposes a duty on Kerry, such that she may be held in contempt for failure to do so, but the language does not entitle Larry to any reduction in his obligation. Nor does the clear and unambiguous language specifically reserve jurisdiction to the trial court to modify spousal support in the event that Kerry finds a job, regardless of the spirit of the agreement. Both documents reserve jurisdiction to the trial court only in the event that Kerry receives benefits, such

---

2. Although the court in *Collier* was faced with jurisdiction to modify a spousal-support obligation in a dissolution action, which is governed by R.C. 3105.18(E)(2), its analysis may be easily applied to divorce cases, which are governed by R.C. 3105.18(E)(1). Both statutes contain similar language concerning jurisdiction.

as Social Security. The second assignment of error is overruled, which renders the first assignment of error moot.

{¶ 13} The judgment of the Marion County Common Pleas Court, Domestic Relations Division, is affirmed.

Judgment affirmed.

PRESTON, J., concurs.

ROGERS, J., concurs in part and dissents in part.

ROGERS, Judge, concurring in part and dissenting in part.

{¶ 14} I concur with the majority's disposition of the first assignment of error, but dissent from the majority's disposition of the second assignment of error.

{¶ 15} I concur that the first assignment of error is moot, although for different reasons. It appears to be undisputed that the past support that had been suspended during Larry's period of unemployment has been paid in full. Therefore, I would find that the date from which the suspension of payments began is immaterial and moot.

{¶ 16} I respectfully dissent from the majority's conclusion on the second assignment of error. I believe that two questions must be addressed in order to properly dispose of this assignment of error. First, how "specific" must a trial court be in order to retain jurisdiction to modify spousal support? I would find that any language that clearly and unambiguously expresses the trial court's intention to retain continuing jurisdiction for any purpose is sufficient. In this case, the majority clearly agrees that the trial court intended to retain continuing jurisdiction under some limited circumstances. Unfortunately, the majority assumes that the trial court's inclusion of certain circumstances under which continuing jurisdiction would be exercised necessarily excluded any other, unnamed circumstances. I disagree.

{¶ 17} This raises the second question: may the trial court retain continuing jurisdiction, and yet limit the circumstances under which that continuing jurisdiction may be exercised? Most courts refer to the following language from *Kimble v. Kimble*, 97 Ohio St.3d 424, 2002-Ohio-6667, 780 N.E.2d 273, when requiring the reservation of continuing jurisdiction to be "specific":

> Since the instant appeal is subject to R.C. 3105.18(E), we must adhere to the jurisdictional requirements of that statute. Consequently, we hold that pursuant to R.C. 3105.18(E), a trial court has the authority to modify or terminate an order for alimony or spousal support only if the divorce decree contains an express reservation of jurisdiction. As applied to this case, since the trial court

did not reserve jurisdiction over the matter of spousal support, we find that it lacked authority to terminate the award.

Id. at ¶ 10. However, I would find that the language used in *Kimble* is very general and did not address the issue of how specific the trial court's language must be or whether the trial court could limit the *circumstances* under which such jurisdiction could be exercised. The *Kimble* court simply found that the trial court "did not reserve jurisdiction over *the matter of spousal support.*" There was no indication in the opinion that such a reservation should or could be limited to certain circumstances. If jurisdiction is retained, is it not retained for all purposes unless limited by the statute?

{¶ 18} The language of the statute simply states that spousal support shall not be modified "unless the court determines that the circumstances of either party have changed," see R.C. 3105.18(E), and "the decree contains a provision specifically authorizing the court to modify the amount or terms of alimony or spousal support." R.C. 3105.18(E)(1) through (2). I would find that this language neither requires nor permits a trial court to limit the circumstances under which continuing jurisdiction may be exercised.

{¶ 19} A change of circumstances is defined by the statute to include "any increase or involuntary decrease in the party's wages, salary, bonuses, living expenses, or medical expenses." R.C. 3105.18(F). Accordingly, any of those stated factors may constitute a change of circumstances that may be a basis for a modification of spousal support.

{¶ 20} It might be argued that divisions (E)(1) and (2), which require that the decree specifically authorize the court to modify the "amount or terms of alimony or spousal support," impliedly permit the court to modify either the amount *or* the terms of alimony or spousal support and that the trial court may limit its continuing jurisdiction to do either. However, since there is no comma in the statute between the words "amount" and "terms," I would read these terms as inclusive as opposed to exclusive. Accordingly, I would find that if the court retains continuing jurisdiction over spousal support, that jurisdiction is general in nature and allows the trial court to modify either the amount or the terms (or both) of spousal support if the court finds any appropriate change of circumstances.

{¶ 21} In the case at bar, I would find that the trial court clearly and unambiguously expressed its intention to retain continuing jurisdiction to modify spousal support if a change in circumstances occurred as to Kerry's employment or if she acquired Social Security benefits. Because the trial court specifically retained jurisdiction under these circumstances, I would find that the trial court necessarily retained continuing jurisdiction to modify spousal support under any

appropriate change of circumstances. Therefore, I would sustain the second assignment of error and reverse the decision of the trial court.