[Cite as *In re Adoption of D.J.S.*, 2017-Ohio-8567.]

COURT OF APPEALS
TUSCARAWAS COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| IN THE MATTER OF: | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| THE ADOPTION OF | : | Hon. Craig R. Baldwin, J. |
| | : | Hon. Earle E. Wise, J. |
| D.J.S. | : | |
| | : | |
| | : | |
| | : | Case No. 2017 AP 08 0023 |
| | : | |
| | : | O P I N I O N |

CHARACTER OF PROCEEDING:          Appeal from the Tuscarawas County
                                                        Court of Common Pleas, Probate
                                                        Divison, Case No. 17 AD 03082

JUDGMENT:                                       Reversed

DATE OF JUDGMENT:                        November 13, 2017

APPEARANCES:

For Plaintiff-Appellant-H.F.                    For Defendant-Appellees

A. JENNA HOKES                                JASON L. JACKSON
105 Jamison Avenue                            P.O. Box 308
P.O. Box 247                                        Uhrichsville, Ohio 44683
Cadiz, Ohio 43907

*Baldwin, J.*

**{¶1}** Appellant mother appeals the July 6, 2017 decision of the Tuscarawas County Court of Common Pleas, Probate Division, finding that her consent to the adoption of her son, D.J.S., was not necessary because she failed to provide support and maintenance for one year prior to the date the petition for adoption was filed. The biological father did not appeal the adverse decision terminating his parental rights.

**{¶2}** This appeal is expedited and is being considered pursuant to App.R.11.2(C).

## STATEMENT OF THE FACTS AND THE CASE

**{¶3}** Appellees sought and were granted custody of D.J.S. by the Harrison County Juvenile Court in 2008. The order granting Appellees custody stated "[t]he [Appellees] do not wish child support at this time as it would assist both natural parents to get on their feet financially without this additional burden. Further, the [Appellees] will add the minor child to their health insurance thus removing him from public assistance." The Appellees did not seek support from Appellant at any time and Appellant made no support payments.

**{¶4}** On March 9, 2017, Appellees filed a petition for adoption of D.J.S. alleging that Appellant's consent to the adoption was unnecessary because Appellant failed without justifiable cause to provide more than *de minimis* contact with the minor or to provide for the maintenance and support of the minor as required by law or judicial decree for a period of at least one year immediately preceding either the filing of the adoption petition or the placement of the minor in the home of the petitioner. (R.C. 3107.07) Appellant submitted a written objection to the petition for adoption on March 31, 2017.

**{¶5}** The Trial Court conducted a hearing on June 8, 2017 limited to the determination of whether Appellant's consent was unnecessary because of a failure to provide maintenance and support for D.J.S. for the year prior to the filing of the Petition for Adoption. The Appellees focused on maintenance and support and abandoned the allegation that Appellant failed to provide more than *de minimis* contact because they agreed that Appellant had regular bi-weekly and overnight visitation with D.J.S. during which time she provided food, shelter and care to D.J.S. Appellant did not receive any financial contribution from Appellees to maintain her son on the overnight visits and D.J.S. returned to Appellees' home without any indication that he had not been fed or received appropriate supervision. Appellant also testified to engaging in appropriate activities with D.J.S. during the visitation as well as taking him to see other relatives.

**{¶6}** On July 6, 2017 the Trial Court decided that Appellant's consent to the adoption was unnecessary because Appellant failed without justifiable cause to provide for the maintenance and support of the minor as required by law or judicial decree for a period of at least one year immediately preceding the filing of the adoption petition. The Court found that "[f]rom time to time, appellant has exercised visitation with her son and has done so in the year prior to the filing of this petition." (Judgment Entry, p. 2, para. 4) With regard to support and maintenance, the Trial Court concluded that "Neither party has made any meaningful attempt to provide adequate support for their son since he was placed in the custody of [Appellees]." Appellant's contention that the order granting legal custody to the Appellees did not require payment of support and thus excused her failure to make payment was rejected by the Trial Court as justifiable cause for failing to provide support because "[e]ven though no support was ordered by the Court in 2008, support by

the biological parents is still mandated by ORC 2919.21." The Court noted that Appellant was not so destitute that she could not pay any support and that she had no justifiable cause for failing to do so.

**{¶7}** The Trial Court conducted a second hearing and decided, on July 27, 2017, that adoption was in the best interests of the child and issued a final Decree of Adoption.

**{¶8}** Appellant appeals the July 6, 2017 Decision and asserts the following Assignment of Error:

**{¶9} I. THE TRIAL COURT ERRONEOUSLY FOUND THAT THE BIOLOGICAL MOTHER, WITHOUT JUSTIFIABLE CAUSE, FAILED TO PROVIDE SUPPORT FOR MORE THAN ONE YEAR PRECEDING THE FILING OF THE ADOPTION AND THAT THE CONSENT OF THE RESPONDENT IS NOT NECESSARY TO PROCEED WITH THE ADOPTION.**

**{¶10}** R.C. 3107.07(A) sets forth, in part, the requirements for a parent's consent to an adoption. R.C. 3107.07(A) states that a probate court may not grant a petition to adopt a minor child absent the consent of the child's parent. However, the statute further states that the consent of a parent is not required for adoption if the court finds that "the parent has failed without justifiable cause to communicate with the minor or to provide for the maintenance and support of the minor as required by law or judicial decree for a period of at least one year immediately preceding * * * the filing of the adoption petition" R.C. 3107.07(A).

**{¶11}** Pursuant to the statute, even when the natural parent has maintained regular communication and visitation with the minor child, the parent's failure to support the child without justifiable cause provides an alternative basis for dispensing with the

consent requirement. *In re Adoption of Jones* Franklin App. No. 83AP748, 1983 WL 3857, (Dec. 29, 1983), citing *In re Adoption of McDermitt*, 63 Ohio St.2d 301, 304, 408 N.E.2d 680 (1980)

{¶12} The petitioner for adoption has the burden of proving by clear and convincing evidence that (1) the natural parent failed to either support or communicate with the child for the requisite one year period and that (2) this failure was without justifiable cause. *In re adoption of Bovett*, 33 Ohio St.3d 102, 515 N.E.2d 919 (1987), paragraph one of the syllabus; *In re Adoption of Masa,* 23 Ohio St.3d 163, 492 N.E.2d 140 (1986), paragraph one of syllabus. In *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118 (1954), the Supreme Court of Ohio explained that clear and convincing evidence is more than a preponderance of the evidence but does not rise to the level of beyond a reasonable doubt as required in criminal cases. It must produce in the mind of the trier of fact a firm belief or conviction as to the allegations sought to be established. *Cross*, paragraph 3 of the syllabus. Judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence. *In re Adoption of Breckenridge*, Franklin App. No. 03AP-1166, 2004-Ohio-2145, ¶10.

{¶13} The relationship between a parent and child is a constitutionally protected liberty interest. See *In re Adoption of Zschach*, 75 Ohio St.3d 648, 665 N.E.2d 1070(1996). Therefore, any exception to the parental consent requirement for adoption "must be strictly construed so as to protect the right of the natural parents to raise and nurture their children." *In re Adoption of Schoeppner* 46 Ohio St.2d 21, 24, 345 N.E.2d 608 (1976).

**{¶14}** In this case, we review the record to determine if it contains competent, credible evidence supporting the conclusion that Appellee has demonstrated by clear and convincing evidence that Appellant failed to provide support and maintenance for the requisite one year period.

**{¶15}** "Chapter 3107 of the Ohio Revised Code does not define the terms 'maintenance' or 'support.' Therefore we must afford these terms their plain and ordinary meaning." *In re Adoption of B.M.S.,* 10th Dist. Franklin No. 07AP-236, 2007-Ohio-5966; R.C. 1.42; *Kimble v. Kimble*, 97 Ohio St.3d 424, 2002-Ohio-6667, 780 N.E.2d 273. Black's Law Dictionary 1039 (9th Ed.2009), defines "maintenance" as "[f]inancial support given by one person to another" and "support" as "[s]ustenance or maintenance; esp., articles such as food and clothing that allow one to live in the degree of comfort to which one is accustomed." *In re Adoption of M.B.,* 131 Ohio St.3d 186, 963 N.E.2d 142, 2012–Ohio–236, ¶ 20. Maintenance and support, in the adoption context, do not simply refer to child support payments or other monetary contributions. *In re Adoption of McNutt*, 134 Ohio App.3d 822, 829, 732 N.E.2d 470 (4th Dist.1999). Maintenance and support, "may mean any type of aid to feed, clothe, shelter, or educate the child; provide for health, recreation, travel expenses; or provide for any other need of the child. * * * Supplying shoes, diapers, or any other clothing can constitute support and maintenance." *In re Adoptions of Groh*, 153 Ohio App.3d 414, 424, 794 N.E.2d 695 (7th Dist.2003), citing *McNutt.*

**{¶16}** In *Gorski v. Myer*, this Court reasoned that "[t]he General Assembly chose not to modify the terms "support" or "maintenance" with words such as substantially or 'regularly,' indicating an intention by the General Assembly to adopt an objective test for analyzing a parent's failure to support." *Gorski v. Myer,* Stark App. No.2005CA00033,

2005-Ohio-2604, ¶17, citing In re: *Adoption of Holcomb*, 18 Ohio St.3d 361, 366, 481 N.E.2d 613 (1985). The relevant inquiry is not whether the parent provided support as would be expected, "but whether the parent's failure to support * * * is of such a magnitude as to be the equivalent of abandonment." *Gorski*, supra at paragraph 14, citing *Celestino v. Schneider,* 84 Ohio App.3d 192, 196, 616 N.E.2d 581(1992). In *Celestino*, the Sixth District Court of Appeals held that a minimal $36.00 in support provided by natural father was sufficient to preserve his consent as jurisdictional prerequisite to his child's adoption, and stated that the Sixth District has "previously held that any contribution toward child support, no matter how meager, satisfies the maintenance and support requirements of R.C. 3107.07(A)." *Celestino*, supra at 196, 616 N.E.2d 581.

**{¶17}** This Court, and the Third, Fourth and Sixth Ohio Appellate Districts have held that a natural parent who provides for a child's needs during visitation has provided sufficient support to avoid a determination that consent is unnecessary for an adoption. In the cases before these districts, the non-consenting parent exercised regular weekly or bi-weekly visitation throughout the relevant one year period. The non-consenting parent also furnished food, shelter and other necessities such as clothing, diapers or shoes for the child to use either during the visitation or at the custodial parent's home. See *In re Adoption of Huffman,* Mercer App. No. 10-85-4, 1986 WL 9662 (Aug. 29, 1986), *In re Adoption of McNutt* 134 Ohio App.3d 822, 732 N.E.2d 470 (1999); *In re Adoption of Pinkava,* Lucas App. No. L-88-034, 1989 WL 1614 (Jan. 13, 1989); *Gorski v. Myer*, supra.

**{¶18}** In this case the Trial Court's decision suggests that it applied an incorrect standard. The Court found that "… [n]either party has made any meaningful attempt to provide adequate support…" but neither the Revised Code nor the Courts interpreting the

Revised Code require a "meaningful attempt to provide adequate support." The Revised Code and applicable precedent require an objective analysis of any support provided to determine whether the non-consenting parent's failure to support "was of such a magnitude as to be the equivalent of abandonment." *Gorski*, supra, ¶14.

{¶19} Looking at Appellant's actions objectively and construing R.C. 3107.07 strictly in her favor, the Trial Court erred in finding clear and convincing evidence that Appellant failed to support her son and that failure was of such a magnitude as to be the equivalent of abandonment. Appellant had regular visitation with her son, including overnight visits, and provided support and maintenance during those visits. Although Appellant concedes she did not pay any support during the one year proceeding Appellee's filing of the adoption petition, she did supply sufficient support and maintenance during regular and overnight visits to avoid the forfeiture of her right to consent to the adoption. Because we are bound to strictly construe the exceptions to the requirement for parental consent, we are obligated to find that the record lacks competent, credible evidence going to all the essential elements of the case and that the finding that the Appellant's consent to the adoption was unnecessary is against the manifest weight of the evidence.

{¶20} Consequently, the decision of the Tuscarawas County Court of Common Pleas, Probate Division holding that the consent of Appellant is unnecessary is reversed.

**{¶21}**  Costs assessed to Appellees.

By: Baldwin, J.

Gwin, P.J. and

Earle Wise, J. concur.